RANDALL *against* T. VAN VECHTEN and others.

Where the de-          THIS was an action of covenant, tried before Mr. Jus-
fendants,   de-    tice *Van Ness*, at the *Albany* circuit, in *October*, 1819.
scribing them-
selves as a com-       Articles of agreement, under the hands and seals of the
mittee of the
Corporation of    parties, were entered into on the 23d of *February*, 1816,
the city of *Al-*  " between *Tunis Van Vechten, James Warren, Charles D.*
*bany*, entered
into a written    *Cooper, Chauncey Humphrey*, and *Isaac I. Freyer*, a com-
contract with
the plaintiff, un-  mittee appointed by the honourable the corporation of the
der their re-
spective hands    city of *Albany*, for that purpose, of the first part ; and *John*
and seals, for a
survey of the     *Randall*, jun. of the second part." By this agreement, the
city, &c. and
the   Corpora-    plaintiff, who is a surveyor, engaged to survey the city of *Al-*
tion had recog-
nized their au-   *bany*, without unnecessary delay, and to make maps, reports,
thority to make
the contract; it  &c. The defendants, on their part, engaged to pay the
was *held*, that
the defendants    sums mentioned in the agreement, and make reasonable ad-
were not liable
to the plaintiff   vances, &c. The defendants signed their names, and affix-
in their indi-
vidual capaci-    ed their individual seals to the agreement.
ties; but that
an action of *as-*    The declaration alleged a part performance on the part
*sumpsit* would
lie against the   of the plaintiff, and a readiness to proceed and complete
Corporation;
for, the con-     the work according to the agreement ; but that the defend-
tract not being
under their cor-  ants refused to make payments, and reasonable advances,
porate seal, *co-*
*venant* would    or to suffer him to proceed in the work ; and that the plain-
not lie against
them; and it      tiff had sustained great loss, in consequence of having pur-
makes no diffe-
rence, in re-     chased expensive instruments peculiarly adapted to such
gard to a Cor-
poration, whe-    surveys and operations, &c.
ther the agent
is appointed un-      The defendants pleaded the general issue, with notice of
der seal or not,
or whether he     a special defence, on the ground, that they executed the
puts his own
seal to the con-  agreement as agents of the corporation of the city of *Al-*
tract he makes
in their behalf, for the doctrine of *merger* does not apply to such a case.

*bany,* and acted as such, and were not, therefore, liable in their individual capacities ; and that the plaintiff had broken his covenants by neglecting to do the work in a reasonable time, &c.

It was proved, that although the contract was dated the 23d *February,* it was not actually sealed and delivered until the 17th of *April,* 1816, after the season for surveying in the city of *New-York* had commenced, and after the plaintiff had engaged there, in his usual occupation, as a surveyor, &c. The defendants gave in evidence an account rendered by the plaintiff to the committee, addressed to the chairman as such committee. It appeared, that the corporation, on the 12th of *June,* 1816, passed the following resolutions : " Resolved, that the chamberlain pay to *John Randall,* jun. 500 dollars, for surveying and fitting monuments." " Resolved, that the chamberlain require from Mr. *Randall,* that he proceed, without unnecessary delay, in completing the survey and work mentioned in his contract, dated the 23d of *February* last past." The plaintiff had addressed various letters to the defendants, as a committee, and a letter from him to the mayor of the city of *Albany,* was read in common council, on the 5th of *May,* 1817, and referred to their counsel, on whose report they " resolved, that the contract on the part of the committee of this board and Mr. *Randall,* for the reasons and facts stated by the attorney to this board, is void, and at an end; and that a copy of this resolution be furnished to Mr. *Randall.*" A verdict was taken for the plaintiff, subject to the opinion of the Court on a case.

*Henry,* for the plaintiff, contended, that the plaintiff had a right to recover of the defendants, in their individual capacities. The contract is signed and sealed by the defendants, individually, who make themselves parties of the first part. It is not a contract in the name of the Mayor, Aldermen, and Commonalty of the city of *Albany,* nor can the corporation be sued upon it. In *White* v. *Skinner,* (13 *Johns. Rep.* 307.) it was decided, that if a person signs and seals a bond for another, without authority, he is personally liable. If the corporation are the principals, they can only be bound by an adequate authority on the part of

*NEW-YORK;*
May, 1821.

RANDALL
v.
VAN VECHTEN.

NEW-YORK,
May, 1821.

RANDALL
v.
VAN VECHTEN.

their agents, but it must be shown, that the authority has been duly executed, and in a proper manner. In *Taft* v. *Brewster and others,* (9 *Johns. Rep.* 334.) the defendants described themselves *as trustees of the Baptist Society of the town of R.,* &c. and executed the bond in their individual names, and with their private seals; it was held to be the bond of the individuals who executed it, not of the *Baptist Society,* who, not having contracted in their corporate name, and by their corporate seal, were not bound. If the defendants had sued the plaintiff on this contract, for not proceeding with the work, he could not have objected to their right to bring the action in their own names.

*A. Van Vechten,* contra. A public agent, acting within the scope of his authority, is not individually responsible. And where he acts ostensibly in the line of his official duty, he will be presumed to have acted in his public capacity. (*Walker* v. *Swartwout,* 12 *Johns. Rep.* 444. *Olney* v. *Wickes,* 18 *Johns. Rep.* 122.)

The defendants acted as a committee of the corporation of the city of *Albany,* a public body. They are described in the contract as a committee appointed for that special purpose. The plaintiff knew, that they were not contracting with him, as individuals; and he has, throughout, treated it as a contract made with the corporation, through the defendants, as their agents. That the agent contracts under *seal,* makes no difference. The Court will give effect to the agreement, according to the intent of the parties. (*Hodgson* v. *Dexter,* 1 *Cranch's Rep.* 345.) Besides, an action of *assumpsit* will lie against the corporation, at the suit of the plaintiff. (*Dunn* v. *St. Andrews Church,* 14 *Johns. Rep.* 118. 12 *Johns. Rep.* 231.)

*Henry,* in reply, said, that the defendants were not public agents. Public agents are agents of government, not agents of a private corporation. Such agents must show their authority or they are personally liable. Admitting, that *assumpsit* lies against the corporation, yet the plaintiff could not maintain such an action, without showing this agreement, and then it would appear to be

a special contract under seal, and not an implied contract; and the corporation might say, you cannot recover on a *quantum meruit,* for you show that it was a contract of a higher nature, by an instrument under the seals of our agents. The defendants, then, must be liable, as individuals, on this contract, under their hands and seals, or the plaintiff is without remedy.

PLATT, J. delivered the opinion of the Court. Without scrutinizing the evidence, I incline to the opinion, that there has been no breach of the contract on the part of the plaintiff, and that he has been willing to proceed in the proposed work, without unreasonable delay. The fair construction of the evidence, I think, warrants the conclusion, that the change of times had produced a change of views and wishes on the part of the corporation: that in fact it was inconvenient to make the progressive advances of money; and deeming it an improvident undertaking, they were willing and desirous to get rid of the contract.

But the real question is, whether this is a personal covenant, binding the defendants individually; or is it a contract which binds the corporation only?

There is a distinction between the contracts of public agents who assume to act on behalf of government, and the contracts of *private* agents who represent individual persons or corporations.

In the first case, although the government cannot be sued, yet the agent is not personally liable; the *public faith* is the only security. But in the latter case, the person who assumes to contract as agent for an individual or a corporation, must see to it that his *principal* is *legally bound* by his act. For if he does not give a right of action against his principal, the law holds him *personally liable.* (*Tippets* v. *Walker,* 4 *Mass. Rep.* 595. *White* v. *Skinner,* 13 *Johns. Rep.* 307. 7 *Term Rep.* 207. 3 *Johns. Cas.* 180. *Caines,* 254. 5 *East,* 148.)

In this case, it is perfectly evident, that the defendants contracted in the character of agents for the corporation, in relation to a subject exclusively appertaining to the corporation; and according to the familiar and well settled rules, applicable to agents and principals, the defendants are not

NEW-YORK, personally bound in this case, unless the nature and form
May, 1821. of the contract be such, as to create no liability on the part
RANDALL of the corporation.  The defendants signed and sealed this
v.
VAN VEGHTEN. covenant, and the plaintiff was induced to enter into very
onerous engagements, and to make large expenditures.  The
law will not, therefore, allow the defendants to treat this
contract as a nullity : and in order to excuse them from per-
sonal responsibility, it is incumbent on them to show,
that the plaintiff has a legal remedy against the corpora-
tion.    In my judgment, they have shown, that for any
breach of this agreement, in refusing to pay, or to make ad-
vances, the plaintiff has a remedy, by an action of *assumpsit*,
against the corporation.  In the case of *White* v. *Skinner*,
(§13 *Johns. Rep.* 307.) a similar question arose ; but there it
was a point of *special pleading* ; and the defendant was held
liable, because he merely styled himself agent, and did not
*aver* that he had authority to make the contract as agent.
Here the question arises as a matter of *evidence*, under the
general issue and notice.

At the trial, it was not made a question, whether the cor-
poration had originally appointed the defendants their
agents for making this contract.  If that point had not been
tacitly conceded, we must now presume that a formal power
of attorney, or, at least, a resolution of the board of the Com-
mon Council, for that purpose, would have been shown.
But it is abundantly proved, by several formal resolves of
the Common Council, that they recognized, adopted, and
ratified this contract, by a variety of acts in express refer-
ence to it.  They paid 1,000 dollars, in various payments,
to the plaintiff, on his presenting his bills for services and
expenses, under this agreement ; and these bills were charg-
ed, not to the defendants, but expressly against the corpo-
ration.    That the corporation, on the one part, and the
plaintiff, on the other part, have mutually understood and
acknowledged, that they were reciprocally bound, and
that they were the *real* and *only* contracting parties, is ap-
parent from the whole case.  I cannot entertain a doubt,
therefore, that these defendants have proved, under their
notice, what, in the case of *White* v. *Skinner*, the defendant
was required to aver in his plea ; to wit, that they had law-

ful authority to bind their principals, according to the terms of the agreement.

But it has been contended, that the action against the corporation cannot be in *covenant*, but can only be in *assumpsit*, because, it is not a contract under the corporate seal; and that if *assumpsit* were brought against the corporation, then it would be a good objection, that this contract is *under seal ;* and that the *assumpsit* is merged in the *specialty*. This argument, however, is not solid. It cannot be, that the corporation is absolved, because their agents used their private seals, in executing their agency. It is important here, to remark the difference between a *corporation* and an *individual person*, acting by an agent. In the one case, there is a corporate seal, which is the only *organ* by which the body politic can *covenant*. The seals of these defendants are not, in any sense, the seals of the corporation; but the seal of an agent for an individual person, as his principal, is, in law, the seal of his principal; and, therefore, it is, that the form of action against the *principal*, in the one case, (that of a corporation,) is not determined by the *form* in which the agent contracts; while in the other case, (that of an individual,) the action against the principal, must correspond with the *form* by which the agent contracts; whether by *seal* or by *simple contract*. Nor will it make any difference, whether the agents for the corporation were appointed under the *corporate seal ;* or by a *resolution* in their minutes. It may legally be done in either mode; and whether it be in the one mode or the other, cannot vary the form of action against the corporation.

Where the real party to the contract has affixed his seal, the specialty implies a *merger ;* and the opposite party cannot waive the covenant, and resort to the *assumpsit*. But this rule has no application here; because the corporation *have not affixed their seal* to this contract. The seals of the agents, are *not seals*, as regards the corporation.

I, therefore, see no bar to a remedy by an action of *assumpsit*, on this agreement, against the corporation. The old doctrine, that *assumpsit* will not lie against a corpora-

tion, is now exploded. (*Bank of Columbia* v. *Administrators of Patterson,* 7 *Cranch,* 297. *Danforth* v. *Schoharie Turnpike Company,* 12 *Johns. Rep.* 227. *Dunn* v. *Rector,* &c. *of St. Andrews,* 14 *Johns. Rep.* 118.)

We are, therefore, of opinion, that the verdict in this case ought to be set aside, and a *non-suit* entered.

<div align="right">Judgment of non-suit.</div>