WILLIAM KEENEY et al. *vs*. THE MAYOR AND COMMON COUNCIL OF THE CITY OF HUDSON.

1. The mayor and common council of the city of Hudson were authorized by law to supply the city with water; all the powers and duties under the act to be exercised by a board of water commissioners, and providing that the commissioners might sue and be sued, by the name of "The Water Commissioners of Hudson City," on all contracts made by them in the exercise of their duties, and that all contracts and engagements, acts and deeds, of the commissioners, within the scope of their authority, should be obligatory upon, and be considered as done by the mayor and common council; *held*, that on a contract made with the water commissioners, signed by the president and under his seal, an action of covenant cannot be maintained against the mayor and common council.

2. A judgment against the water commissioners, on a contract made by them within the scope of their authority, will bind the property of the city.

This was an action in *covenant*, seeking to charge the defendants on a contract under seal between the plaintiffs, of the first part, and the water commissioners of the city of Hudson, of the other part.

The declaration contains three counts. The first alleges an agreement made between the plaintiffs and the defendants by the water commissioners of the city of Hudson, and sealed with the seal of the said water commissioners. The third count alleges an agreement made between the plaintiffs, of the first part, and the water commissioners of the city of Hudson, of the second part; which agreement is within the scope of the duty and authority of said water commissioners, and is, in law, obligatory upon, and considered as done by the defendants, and sealed with the seal of the said water commissioners.

To the first and third counts there is a general demurrer.

To the second count, the general issue is pleaded.

The schedule annexed to the declarations sets out the agreement at length.

The caption is as follows: This agreement, made this, &c., between William Keeney, John R. Halladay, and Jus-

tus Slater, of the first part, and the water commissioners of the city of Hudson, of the second part, witnesseth, &c., and is signed by said Keeney, Halladay and Slater, under their seals, respectively, and by Thomas Andrews, president of the board of water commissioners, under a common seal.

Argued at November Term, 1858, before the CHIEF JUSTICE, and Justices VREDENBURGH and WHELPLEY.

*J. P. Vroom*, in support of demurrer.

1. Action of covenant against a corporation can be maintained only on a contract made by the corporation, or its agent duly authorized, and under the seal of the corporation; and an averment to that effect in the declaration is necessary to support the action. No such averment is made, or in fact could be made, the agreement being under the seal of the water commissioners.

To bind a corporation by *specialty*, it is necessary that its corporate seal should be affixed to the instrument. *Angell & Ames on Corporations* (3d ed.) 286.

The agreement, so far as this action is concerned, is void upon its face. *Randall* v. *Van Vechten*, 19 *Johns.* 60; *Tippets* v. *Walker et al.*, 4 *Mass.* 597; *Dubois* v. *Delaware and Hudson Canal Co.*, 4 *Wend.* 285.

If anybody is bound by the agreement, it is the very parties to it; it is the deed of the water commissioners, and if not their deed it is not the deed of the city of Hudson, or of anybody.

2. If it be insisted that the water commissioners acted as the agents of the corporation, and that their acts are therefore obligatory, as stated in the third count, then the agreement must show that it was executed by the corporation, through its agents, and was sealed with the seal of the corporation. It must be executed by the agent, in the name of the principal. *White* v. *Cuyler*, 6 *D. & E.* 176; *Frontin* v. *Small*, Lord *Raymond* 1418; 1 *Str.* 705; *Wilks*

*and another* v. *Back*, 2 *East* 142. These cases refer to powers of attorney, but the principle is the same.

It not appearing, from the agreement or from the pleadings, that it was executed with the authority of the corporation, it must be presumed it was executed without such authority, and can, therefore, bind no one but the water commissioners themselves. It was not intended that any one else should be bound by it; the beginning and conclusion of the agreement show it to be a covenant between the plaintiffs and the water commissioners merely.

*Zabriskie, contra.*

In this case the common law is altered by statute.

The charter of the city of Hudson authorizes the common council to supply the city with water, the power to be exercised by a board of water commissioners. *Laws* 1855, *p.* 765, § 63.

Certain persons are appointed commissioners, and authorized to make contracts. *Laws* 1857, *p.* 504.

The rights, obligations, &c., of the water commissioners' act of Jersey City are extended to, and binding upon the corporation of the city of Hudson. *Laws* 1855, *p.* 796, § 63.

The contracts entered into by the water commissioners are the contracts and deeds of the city, and are binding upon it. *Laws* 1852, *p.* 427, § 19.

It is within the scope of their duty and authority. *Kean* v. *Davis*, 1 *Zab.* 683; *Finley* v. *Simpson*, 2 *Zab.* 331.

All contracts shall be in writing, and be made with the water commissioners, and they may bring suits thereon. *Laws* 1852, *p.* 422.

All the acts of the water commissioners shall be obligatory upon the common council. *Laws* 1852, *p.* 426, § 19.

*P. D. Vroom*, in reply.

Keeney v. City of Hudson.

1. Unless the statute will take the case out of the rule of the common law, the demurrer is well taken.

The question is not one of liability, but of form of action. Can the contract be enforced in an action of covenant?

The city can be held in an action of covenant only under its own seal. It can use only *its own common seal*, if it have one, and it has no authority to authorize any other to be used.

2. The water commissioners are not such public agents that they are not themselves liable; there is no necessity to resort to an action against the corporation. *Bailey* v. *The Mayor of N. Y.*, 3 *Hill* 539; *Ambler's Rep.* 770; *Paley on Agency* 251.

3. The water commissioners had no authority to enter into such covenant to bind the corporation to pay the plaintiffs. The act authorizes them to contract—not for the city, but for *themselves*. They are to assume the liability, and have authority to pay themselves in the manner prescribed by the act—by the water scrip issued by the city. *Laws* 1857, *p.* 504.

The commissioners are to make the contracts, and the common council have no other power to raise money for the payment thereof than by scrip. *Same act,* § 3.

The water commissioners may prosecute or *defend* any action or process at law or in equity. *Laws* 1852, *p.* 427, § 20.

The opinion of the court was delivered by

WHELPLEY, J. The plaintiffs have brought an action of covenant against the defendants, the corporation of the city of Hudson, upon a sealed agreement, dated September 12th, 1857, to which the plaintiffs are parties of the first part, and the water commissioners of the city of Hudson of the second part.

The agreement is sealed with the seals of the plaintiffs and that of the water commissioners, and subscribed by

the plaintiffs, and Thomas Andrews, president of the board of water commissioners.

In the first count of their declaration, the plaintiffs have counted upon the agreement, as made by the defendants by the water commissioners of the city of Hudson, and sealed with the seal of the water commissioners of the city of Hudson : all the covenants are between the plaintiffs and. the water commissioners; its stipulations are for building works to distribute water into the city of Hudson, and to pay for them according to the terms of the agreement. The action is for work done in performance of the agreement.

The other count, so far as the demurrers are concerned, is substantially the same.

A general demurrer has been filed to both counts. Two reasons have been assigned in support of the demurrer.

*First.* That an action of covenant will not lie upon this agreement against the defendants, the city corporation, because it is not their deed, nor are they parties to it.

The plaintiffs' counsel frankly admitted that at common law the action will not lie. This is well settled, both upon principle and authority. *Angell & Ames on Corp.*, c. 9, § 2 ; *Randall* v. *Van Vechten*, 19 *Johns.* 60 ; *Dubois* v. *Delaware and Hudson Canal Co.*, 4 *Wend.* 285.

It is claimed that the common law rule is altered by statute, by the acts regulating the proceedings of the water commissioners.

A careful examination of the several legislative provivisions on this subject is necessary to a solution of this question.

The city was incorporated by an act passed April 11th, 1855. *Acts of* 1855,. *p.* 765.

By the 63d section of this act, the mayor and common council for the time being are vested with all the powers, rights, and privileges, and subject to all the restrictions, obligations, duties, and liabilities of the mayor and common .council of Jersey City, by virtue of an act to author-

ize the construction of works for supplying Jersey City with water.

By an act passed March 20th, 1857, (*Acts of* 1857, *p.* 504,) certain persons, together with the president of the board of aldermen for the time being, are constituted the board of water commissioners of the city of Hudson, and empowered to contract with the water commissioners of Jersey City for a supply of water, and to make such contracts as may be deemed expedient for the purchase of materials and lands, the doing of work, the employment of engineers, clerks, and agents to carry out the purposes of the act. They are also authorized to issue Hudson City water scrip, in the name of the city, not exceeding sixty thousand dollars; to be in the name of the city, and under the corporate seal. All the lands and goods and chattels within the city limits are made liable for the payment of the scrip. The mayor and common council are authorized to raise, by tax, money to pay the principal and interest of the scrip. All such parts of the act incorporating the city as are inconsistent with this act are repealed.

That this contract is within the powers of the water commissioners, as defined by the act of 1852, *p.* 419, is not denied. The second section of that act declares that all the powers granted by it shall be exercised exclusively by and through a board of water commissioners; the ninth, that contracts for the performance of any work and labor shall be made with the water commissioners; the nineteenth, that all contracts and engagements, acts and deeds, of the said commissioners, within the scope of their authority, shall be obligatory upon, and be in law considered as done by the mayor and common council of Jersey City (Hudson City); and the said mayor and common council, and all real estate within Jersey City (Hudson City), and all goods and chattels within said city, belonging to residents thereof, shall be liable for the payment of the principal and interest that may become due

on the scrip or bonds to be issued. Section 20th declares that the said commissioners may prosecute or defend any action or process, at law or in equity, by the name of "the Water Commissioners of Jersey City" (Hudson City), against any person or persons, for money due for the use of the water, for *breach of any contract,* express or implied, touching the execution or management of the works or the distribution of the water, or of *any promise* or contract made *to* or *with* them ; and also for any injury or trespass, or nuisance done or suffered to the water, watercourses, pipes, machinery, or any apparatus belonging to or connected with any part of the works, or for any improper use or waste of the water ; and any vacancy, or the filling of any vacancy, in the board of commissioners, either before or after any cause of action arises or suit is commenced, shall not change the right of said commissioners to commence or maintain such action or process at law or in equity, but in all such cases they shall be considered, from the time of the organization of the board, as a corporation.

These provisions of the act of 1852 are to be considered as adopted *mutatis mutandis* in that of 1855, incorporating Hudson City, and are still in force, unless inconsistent with the act of 1857, which repeals so much of the act of 1852 as is thus inconsistent.

After a careful consideration, I have not perceived that the act of 1857 in any wise changes the act of 1852, so as to affect the question now before the court. Both acts have one object—clearly apparent on their face—to place the whole subject of supplying the city with water, and all operations and contracts for the building, management, and control of the necessary works, under the exclusive control of a body specially created for the purpose, distinct from the regular officers and agents of the corporation ; to invest that body with all the powers necessary for independent action ; to furnish them with the necessary funds, by the power given to issue scrip to the

amount of sixty thousand dollars in the name of the city, under its corporate seal, signed by the mayor, and countersigned by the commissioners.

The bonds are to be in the name of the city, for the purpose of giving them the credit due to a corporate obligation. All other contracts are to be in the name of the commissioners, with the single further exception of deeds for land, which are to be to the city, by its corporate name.

All moneys are to be disbursed by the commissioners directly, and not through the intervention of the city authorities. They are to have their own treasury, separate from that of the city; into that the revenues of the work are to be paid, to be applied as the act directs.

The law requires of them an account of their receipts and expenditures twice in every year, at stated times, to be rendered to the common council.

They are, by express words, a corporation, with power to sue and be sued for breach of any contract, express or implied, touching the execution or management of the works, or the distribution of the water, or of any promise or contract made to or with them.

No authority is anywhere given by the act to sue the city upon any contract made by the commissioners or with them; if it exists at all it must be by implication and not by expression.

The plaintiffs seek to infer a right of action against the city from the declaration of the 19th section of the act of 1852, that all contracts and engagements of the said commissioners, within the scope of their duty or authority, shall be obligatory upon, and be in law considered as done by the mayor and common council of Jersey City (Hudson City.)

The argument is in this form: That the agreement declared on is obligatory upon, and considered as done by the mayor and common council of Hudson City; that if

this agreement had been made by the city, the city might have been sued upon it.

This is a *non sequitur*. Examine the argument. Considered as done by the mayor and common council, &c. In what sense? For what purpose? Was it to designate the party to the record—to name the defendant in actions upon the contract? That was done very clearly in the next section, devoted entirely to that question. That section enumerates with absolute precision the different causes of action upon which the water commissioners may sue and be sued in their corporate capacity.

The act having provided a mode in which actions may be brought, that is a responsible defendant, for causes of action arising out of the execution and management of the work committed to the commissioners, is it fair, from the words of a section, which may well have a totally different office and meaning, to infer a legislative design entirely and radically to change the common law prescribing the forms of action and the parties?

The plaintiffs have entirely misconceived the object and scope of the 19th section. That was not to prescribe a new form of action upon a contract under seal, or modify the rules applicable to one already existing; it was to enable the commissioners to pledge the faith of the city for the fulfillment of every contract made by them within the scope of their authority, and this, although the contract was in the name of the commissioners, not in that of the city.

The remainder of the section declares all the property in the city liable for the payment of the bonds; the property of every resident is made liable, but how? in what manner? Does this by implication authorize a suit against any resident upon the bonds? If the argument of plaintiffs' counsel be correct, that the city is liable, therefore the suit must be against the city, it follows that to reach the property of residents the suit must be against them.

Enough has been said to show that a suit on a sealed

contract executed by the water commissioners must be against them as a corporation. On a judgment against them, the city property, either directly or indirectly, would be bound as well as by a judgment against the city corporation.

A judgment against the water commissioners upon a contract within the scope of their authority may fairly be considered the contract and engagement, act and deed, of the mayor and common council, and therefore obligatory upon the city. This interpretation harmonizes the two sections, gives to each its appropriate effect, and avoids the necessity of a construction giving a double right of action both against the city and the commissioners. It enables the creditor to reach the city and its property.

Giving the defence of all actions upon water contracts to the commissioners, by making them defendants, carries out the whole policy of the act. They have all the information necessary to enable them to defend such actions discreetly and with effect. The experience of some of our large cities has demonstrated the necessity of looking to the fitness and prudence of those on whom is devolved the defence of actions involving the property and credit of the city.

There must be judgment for the defendants on the demurrer.