# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF WORCESTER, OCTOBER TERM 1864, AT WORCESTER.

PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. EBENEZER R. HOAR, } Justices.
Hon. HORACE GRAY, Jr.,

---

### WILLIAM FULLAM *vs.* INHABITANTS OF WEST BROOKFIELD.

A contract in this form: " We, the undersigned, a committee chosen by the town of A. to finish the basement of their town-house, do hereby agree to pay," &c., for the finishing of said basement, and signed and sealed by the committee as "committee for the town," is not the contract of the town, but of the individuals who sign it.

If a town authorize a committee to bind them by a contract, and the committee enter into a sealed contract, for the benefit of the town, which binds only themselves, the town, by subsequently revoking the authority of the committee and prohibiting and preventing the execution of the contract, do not render themselves liable in damages to the individual with whom the contract was made.

CONTRACT. The first count was upon the following contract: "West Brookfield, Mass., January 27th, 1863. We, the undersigned, a committee chosen by the town of West Brookfield to finish the basement of their town-house for the purpose of a meat market, do hereby agree to pay Mr William Fullam of

North Brookfield, Massachusetts, the sum of four hundred and seventy-five dollars for the finishing of said basement according to specifications and plan annexed, when completed to our acceptance. Lemuel Fullam, (Seal), John M. Fales, (Seal), Augustus W. Gilbert, (Seal), committee for the town."

The second count was as follows: "And the plaintiff further saith that the defendants agreed that if the plaintiff would finish a certain basement according to a certain plan and specifications, on or before the fourteenth day of March, in the year of our Lord eighteen hundred and sixty-three, to the satisfaction of their committee, they would pay him therefor the sum of four hundred and seventy-five dollars, and the plaintiff agreed so to finish said work within said time; and the plaintiff incurred much expense and performed much labor toward the finishing of said basement. Yet the defendants prevented the plaintiff from completing the same."

At the trial in the superior court, before *Ames*, J., the plaintiff proved that at a town meeting, held on the 24th of January 1863, the defendants passed a vote to finish the basement of their town-house according to a certain plan, at an expense not to exceed five hundred dollars, and chose Lemuel Fullam, John M. Fales and Augustus W. Gilbert as a committee to contract for the work. The plaintiff accordingly entered into a contract to finish the basement according to the plan, for four hundred and seventy-five dollars, and the committee executed the contract above recited. On the 31st of January 1863, the defendants passed a vote, reciting and rescinding the former vote, and choosing a committee " to confer and settle the matter with the contractor." Subsequently to the last town meeting, the defendants brought a bill in equity against the plaintiff to enjoin him from proceeding to finish the basement under said contract, upon which a perpetual injunction was granted, on the ground that the defendants had a right to rescind the contract, if it was binding upon them.

Upon these facts, the judge directed a verdict for the defendants, which was accordingly rendered; and the plaintiff alleged exceptions.

*G. F. Hoar & J. E. Greene,* for the plaintiff. The form of declaration is immaterial, as an amendment may be allowed if the legal rights of the plaintiff are not set forth with accuracy. Where a corporation authorize their agent to make a contract in their behalf, which does not require a seal, and the agent contracts in his own name, the corporation, if not directly liable on the contract, are liable *ex consequenti* on an implied contract to permit the express contract to be carried into effect, and to fulfil its stipulations. *Randall* v. *Van Vechten,* 19 Johns. 65. *Bank of Columbia* v. *Patterson,* 7 Cranch, 305. *Damon* v. *Granby,* 2 Pick. 345. *Bank of the Metropolis* v. *Guttschlick,* 14 Pet. 19. *Dubois* v. *Delaware & Hudson Canal Co.* 4 Wend. 285. *Brockway* v. *Allen,* 17 Wend. 40. *Hopkins* v. *Mehaffy,* 11 S. & R. 126. Story on Agency, §§ 160–162, 278, 422. The rule rests on the implied obligation of the principal to carry into effect the contract of the agent; and the right to sue an unknown principal, when discovered, rests upon the same principle. This obligation is implied from the creation of the authority; not from the form of the execution of it. If A. asks B. to engage C. to do work for him, does he not engage to let C. do it? There is no difference in this respect between sealed and unsealed agreements. There is a difference in the interpretation of them, in discovering who is a principal and who an agent; but in this respect there is no difference. There is no merger of this implied contract, because the express contract is not between the same parties. *Twopenny* v. *Young,* 3 B. & C. 210. *Drake* v. *Mitchell,* 3 East, 258. It is therefore immaterial whether this sealed contract be treated as the direct contract of the town or not. But it may well be treated as the contract of the town. *Mussey* v. *Scott,* 7 Cush. 215, and cases cited. *Eastern Railroad* v. *Benedict,* 5 Gray, 561, and cases cited. The seals, being unnecessary, may be rejected as surplusage. *Tapley* v. *Butterfield,* 1 Met. 515. *Milton* v. *Mosher,* 7 Met. 244. *Lawrence* v. *Taylor,* 5 Hill, 113.

*E. Mellen & D. Foster* for the defendants.

METCALF, J. The plaintiff cannot support the first count in his declaration. The instrument declared on is not, as is alleged

in that count, the contract of the defendants. It is not so exe-
cuted as to bind them. It is not executed in their names and as
their contract, but in the names and as the contract of the indi-
viduals who signed and sealed it. *Damon* v. *Granby,* 2 Pick.
345. *Abbey* v. *Chase,* 6 Cush. 56 ; *Huntington* v. *Knox,* 7 Cush.
374, and numerous other cases. As to sealed instruments this
is decisively settled.

It was suggested, in argument for the plaintiff, that the words
" committee for the town," added to the names of those who
executed the instrument, made it a due execution in the name
of the defendants, according to the decision in *Mussey* v. *Scott,*
7 Cush. 215, where " John Hammond for B. B. Mussey," with a
seal, was held to be a good execution of a lease in the name of
Mussey. But in that case the instrument purported on its face
to be Mussey's contract of letting. It began thus : " I, Benja-
min B. Mussey, do hereby lease, demise and let unto Seth
Scott," &c. That case, therefore, is not relevant. See *Haven* v.
*Adams,* 4 Allen, 87 ; and *Hutchins* v. *Byrnes,* 9 Gray, 367.

The committee, having failed to bind the town, are them-
selves liable for any breach of their personal contract. *Tippets*
v. *Walker,* 4 Mass. 595. *Simonds* v. *Heard,* 23 Pick. 120. By
Story, J., 7 Cranch, 307. *Appleton* v. *Binks,* 5 East, 148. *Bur-
rell* v. *Jones,* 3 B. & Ald. 47. *Tanner* v. *Christian,* 4 El. & Bl.
591. *Parker* v. *Winlow,* 7 El. & Bl. 942.

The plaintiff's main reliance is on his second count, in which
he alleges the contract to be that of the defendants, and that they
have prevented him from completing it. And he takes the posi-
tion, that although the defendants may not be liable on the ex-
press contract executed by their committee, yet that they are
liable *ex consequenti,* on an implied contract, for the breach of
that express contract. The first case in which we find this doc-
trine advanced is *Randall* v. *Van Vechten,* 19 Johns. 60. In
that case, the three defendants, who were a committee appointed
by the city of Albany, made an agreement with the plaintiff, to
which they signed their names and affixed their individual seals
engaging to pay to him certain sums for surveying that city
making maps thereof, &c. To an action of covenant against

the committee, on that agreement, one defence made by them was, that they executed that agreement as agents of the city, and were not individually liable for a breach of it. And so the court decided, and nonsuited the plaintiff. And it appears, from subsequent decisions cited by the plaintiff's counsel, and from others referred to in 30 Barb. 223, to be the law of New York — contrary to the law of this commonwealth and of England — that when an agent, whether of a corporation or of an individual, duly authorized to make a contract for his principal, which does not require a seal, makes the contract in his own name and under his private seal, and in terms that purport his private obligation, yet he is not personally liable for a breach of it, if the contract be for the exclusive benefit of the principal.

In *Randall* v. *Van Vechten*, the court, after deciding that the plaintiff could not recover, expressed an extrajudicial opinion, that as it appeared in evidence that the common council of Albany, by formal resolves, recognized, adopted and ratified the agreement of the committee, and had made various payments to the plaintiff, on his presenting bills for his services and expenses, charged to the city and not to the committee, he had a remedy for any breach of the agreement made with the committee by an action of assumpsit against the city.

In the case of *Bank of Columbia* v. *Patterson*, 7 Cranch, 299, a duly authorized committee of the bank made an agreement with Patterson, under their private seals, that the work done by him in erecting a building for the bank should be measured and valued by two men named, and that the committee would pay to him the sum found by those two men to be the value of his claim. An action of *indebitatus assumpsit* for work and labor done, *quantum meruit*, &c., brought by Patterson against the bank, was sustained on the grounds stated by Story, J., who said that though an action might have lain against the committee personally, yet as the contract was for the exclusive use and benefit of the bank, and as the evidence showed that the bank proceeded on the faith of that contract to pay money, from time to time, to Patterson, the jury might legally infer that the bank had adopted the contract of the committee, and had voted

to pay the whole sum which should become due under it, and that Patterson had accepted their engagement. The same doctrine was recognized in *Bank of the Metropolis* v. *Guttschlick* 14 Pet. 19.

In the case of *Damon* v. *Granby*, 2 Pick. 345, a committee of the town of Granby, by their writing obligatory, sealed with their seal, agreed with the plaintiff that he should build a house for public worship, and that they would pay him therefor. In an action of debt against the town, to recover pay for the plaintiff's services and expenses in building the house, it was decided that the town was not liable on the contract made with the plaintiff by the committee — that the contract could in no sense be construed to be the deed of the inhabitants of the town. But it was said by the court that they were inclined to think that if the plaintiff had brought assumpsit upon the contract, alleging his expenses incurred under it, and that the defendants had prevented his executing it, and that he had acted *bona fide*, and was in no fault, he might have recovered due compensation for his labor, expenses, &c. And the cases of *Randall* v. *Van Vechten*, and *Bank of Columbia* v. *Patterson*, were referred to as satisfactory authorities.

In *Dubois* v. *Delaware & Hudson Canal Co.* 4 Wend. 285, (recognized in *Worrall* v. *Munn*, 1 Selden, 229, and *Ford* v. *Williams*, 3 Kernan, 585,) it was decided that when an authorized agent makes a contract in his own name and under his private seal, which contract is for the sole benefit of the principal, and which is not required to be under seal, it is to be deemed the simple contract of the principal, on which the proper action against him for a breach thereof is assumpsit. In that case, as in *Bank of Columbia* v. *Patterson*, the action was brought to recover pay for services rendered under the agent's agreement, and the counts were *indebitatus assumpsit* for work and labor, *quantum meruit*, &c.

We are now asked to adopt the doctrine of the foregoing cases, so far as to sustain the present action of contract against the defendants. This we cannot do. The doctrine is anomalous and was resorted to by the courts of New York in consequence

of their having rejected the common law remedy against the agent personally, and for the purpose of giving some remedy against the principal, which the plaintiff would not otherwise have. As we adhere to the common law remedy in a case like the present, the plaintiff needs no new remedy and can have none at our hands. The *obiter dicta* in *Damon* v. *Granby* cannot be sustained.

No additional weight is given to the decisions on which the plaintiff relies, by the insertion of the doctrine thereof in legal treatises, however eminent may be their authors.

We need not express an opinion concerning the extrajudicial *dicta* in *Randall* v. *Van Vechten*, and the decision in *Bank of Columbia* v. *Patterson*, because they are not applicable to this case. These defendants have never ratified or adopted the contract of their committee, nor done any act from which their promise to perform it can be inferred. Nor have they received any benefit from it. And if it were possible to maintain an action against the defendants for their preventing him from completing his contract with their committee, by obtaining an injunction against him, it is clear that it could not be maintained on his second count in this action, which alleges that contract to have been made by the defendants.

If we had adopted the doctrine which the plaintiff asked us to apply to this case, we see not why the argument of his counsel would not have been satisfactory, that the doctrine is as well applicable to this executory contract as to contracts executed wholly or in part, to which it was applied in the cases cited by them.

The plaintiff's remedy, if he has any, is against the committee. If he shall proceed against them and recover damages, "they must," as said by Parsons, C. J., 4 Mass. 598, "look to their principals for indemnity."

. *Judgment on the verdict for the defendants.*