## BELLINGER V. BENTLEY.

*Corporation — when officers of, not personally liable on contract for.*

An agreement was as follows: " Agreement between E. H. and B., trustees of the L. U. Cheese Manufacturing Co., the parties of the first part, and J. and M., the parties of the second part, witnesseth the parties of the first part agree with the parties of the second part to manufacture and make cheese, etc., . . . . the parties of the second part to do all the work, etc., . . . . the parties of the first part are to pay the parties of the second part," etc., etc. The work was agreed to be done in a cheese factory belonging to the L. U. Cheese Manufacturing Co., a duly incorporated company, of which E. H. and B. were trustees, and authorized to make a contract of this kind for the company, and J. and M. had full knowledge of these facts. *Held,* that E. H. and B. were not personally liable upon the agreement.

MOTION for a new trial upon exceptions, ordered to be heard in the first instance at general term. The action was brought in Onondaga county by James Bellinger and Marcus Bellinger against Edward Bentley and Nelson C. Dunham, upon the following written agreement:

"An article of agreement made and entered into this 20th of April, 1870, between Edward Bentley, Horace Butler and N. C. Dunham, trustees of the Little Utica Cheese Manufacturing Company, the parties of the first part, and James Bellinger and Marcus Bellinger, of Lysander, Onondaga county, N.Y., the parties of the second part, witnesseth, the parties of the first part agree with the parties of the second to manufacture and make cheese at the aforesaid factory during the season of making cheese in 1870, and the parties of the second part agree to do all the work and furnish all the material for making cheese and boxes, for one dollar and fifty cents per hundred for the make in said factory, and to make good No. 1 merchantable cheese; the parties of the first part agree that the patrons of said factory shall furnish the milk two or one time per day in good order, except those that wish to keep their milk home on Sunday. The parties of the first part agree to put said factory in good running order, and furnish sufficient amount of water and sufficient amount of ice in the ice-house for the season that is required for the season of running factory; the parties of the second part are to have the privilege of sending all milk that does not come to said factory in good order for making cheese home. The parties of the first part are to pay the parties of the second part after each sale of said cheese, and get the returns, and the parties of the second part are to take care of said cheese until it is thirty days old, and take care of said cheese twenty days after said factory closes. Said factory to commence on the second day of May and run the six months or longer, if the parties of the first part wish to have it run. The parties of the second part are to feed the hogs and help box the cheese in the agreement. Cheese to be made on an average of nine inches high. In witness whereof the parties have hereunto set their hands the day and year first above written.

| { Revenue stamp. } | EDWARD BENTLEY, |
| { 5 cts. } | N. C. DUNHAM, |
| { Canceled. } | JAMES BELLINGER, |
| | M. R. BELLINGER." |

The plaintiffs claimed a balance due under this agreement. The Little Utica Cheese Manufacturing Company was duly incorporated and James Bellinger was a stockholder therein. The trustees of the company, at the time the agreement set forth was made, were the defendants and one Horace Butler. The company had, at its annual meeting, directed the trustees to establish milk routes, hire a cheese maker, and manage all the business pertaining to the company. The only question at issue in the action was whether the defendants were liable, personally, in the contract; they claiming that the action should be against the corporation alone. Upon evidence establishing the facts set forth, and that they were known to plaintiffs, the defendants moved for a nonsuit upon the ground stated, which was denied. The cause was submitted to the jury, who found a verdict for plaintiffs for $281.

*Pratt, Mitchell & Brown,* for plaintiffs.

*Sedgwicks, Kennedy & Tracy,* for defendants.

E. DARWIN SMITH, J. The motion made at the circuit for a nonsuit should, I think, have prevailed.

The contract upon which the action was brought was, in fact, and in legal effect, the contract of the Little Utica Cheese Manufacturing Company. It purports to be made by the trustees of such corporation, who, the proof shows, were clearly and fully authorized to make it in behalf of the corporation. The defendants describe themselves as such trustees. The contract is for the benefit of the corporation upon its face. It stipulates for the use of the corporate property (the cheese factory), by the plaintiffs in the manufacture of cheese, the particular business of said corporation in the factory of said company.

The plaintiff agreed to manufacture and make cheese at the said factory during the season of making cheese in 1870. The proof shows that the affairs of said corporation were to be managed by three trustees, and that the trustees named in the said agreement were such trustees for the year 1870, and two of them were authorized by the by-laws to constitute a quorum for the transaction of business, and two of them in fact signed the agreement. This made it a valid contract of the corporation. The plaintiffs knew that the defendants were contracting for the corporation — one of

them was a stockholder and the other his son. The factory was on the land of the elder Bellinger, one of the plaintiffs, and was leased to the corporation by him for the use of such factory, and he was a stockholder in said company. There is nothing in the contract or circumstances indicating that the defendants had any private interest in said factory or in the business of making cheese therein, or in said contract, any more than the other stockholders of said company, or that they intended to bind themselves individually. They made a clear, plain palpable contract in behalf of said company, and for its sole benefit, and they had full authority to make such contract, and the said corporation could clearly have been sued on such contract as binding upon it. If the defendants had made and signed this contract without authority to do so, they would doubtless have been personally liable on the contract within the cases of *Bush* v. *Cole*, 28 N. Y. 269; *Pumpelly* v. *Phelps*, 40 id. 67, and numerous other cases. But when officers or other agents contract for a corporation and have full authority to do so, and the work to be done, or the property purchased is for the exclusive benefit of the corporation, and that is known at the time of the making of the contract, the agent is not bound personally unless he binds himself by some particular personal contract, or fails to make a contract binding upon his principal.

In *Randall* v. *Van Vechten*, 19 Johns. 60, it was held that the principal was liable in assumpsit on a contract made by persons acting as a committee of a city corporation, who signed it with their private seals as was also the case in *Haight* v. *Schlar*, 30 Barb. 218, where the persons making the contract signed it with their private seals as a building committee. The same principle is asserted in *Worrall* v. *Munn*, 5 N. Y. 241, and numerous other cases are there cited as asserting the same rule, and the case of *Randall* v. *Van Vechten* is approved as it is also in *Dubois* v. *Delaware Company*, 4 Wend. 288. In this case it appears that the corporators ratified their contract and made payments to the plaintiff under it to the amount of $1,071.50, leaving due to the plaintiffs a balance of only $250 for the cheese manufactured by them at such factory during the season.

In *Bush* v. *Cole* and *Pumpelly* v. *Phelps*, *supra*, the principal was unknown to the parties contracted with. In *Rush* v. *Cole*, the opinion stated that the defendants signed the contract as the agents of an undisclosed principal, and as they did so without authority, were personally liable as the contracting parties. In *Pumpelly* v.

*Phelps*, the contract was signed by the defendant simply as trustee, and the case states that there was nothing in the contract to intimate of whom he was trustee. But in this case, on the contrary, the defendants describe themselves as trustees, etc., in the body of the contract, and state expressly the name of the corporation of which they are trustees, and for whom they are acting.

I think the defendants fully showed at the circuit, that the contract they made was binding on such corporation, and that they had full authority to make it, and that it was a valid contract of such corporation, and that they were, therefore, not individually liable thereon.

The verdict should, therefore, be set aside and a new trial granted with costs to abide the event.

MULLIN, P. J., did not vote.

*Ordered accordingly.*