## MACHESNEY *v.* BROWN and others.

*(Circuit Court, N. D. New York.* November 26, 1886.)

PATENTS FOR INVENTIONS—ASSIGNMENT—ATTORNEY IN FACT—INSTRUMENT UN-
DER SEAL.

The assignment of a patent for an invention when executed by one acting as attorney, by an instrument under seal, must be executed in the name of the principal, and purport to be sealed with his seal, in order to bind the principal.

In Equity. Bill to restrain the infringement of letters patent for an invention. Plea allowed, with costs, and leave granted to complainant to move to amend his bill. The facts are sufficiently stated in the opinion.

*Silas J. Douglass,* for complainant.

*William H. Bright,* for defendants.

WALLACE, J. The bill in this case is to restrain the infringement of letters patent for an invention, granted to one Sweet, and the plea, which has been set down for argument, avers that the only title of the complainant to the invention is one derived by an instrument executed and delivered to the complainant by one Smith, which is set out in full in the plea. This instrument in its first clause describes Ira E. Smith as party of the first part. The second clause recites that Smith, by power of attorney from Sweet, became the attorney of Sweet for the purpose of selling and assigning the patent. The third clause recites that Machesney desires to purchase, and has paid a consideration to Smith, and that Smith does thereby assign and set over all the right, title, and interest he has in and to the said invention, and all the right, title, and interest that said Sweet has. Then follows an attestation clause, reciting that Smith has set his hand and seal to the instrument. The instrument is signed, "I. E. SMITH," and has a seal.

The assignment must be held to be inoperative to pass the title of Smith, upon the well-settled rule that a sealed instrument when executed by one acting as attorney, must be executed in the name of the principal, and purport to be sealed with his seal, in order to bind the principal. It is true that an assignment of a patent for an invention is valid without a seal. This is so because the statute which creates the property in inventions, and regulates the manner of transferring the title, only requires an assignment to be in writing. But such an assignment is a muniment of title to incorporeal property, and, whether under seal or not, the question whether, when executed by an attorney, it is in form to bind the principal, is to be determined by the rule applicable to deeds and formal instruments under seal. See Whart. Ag. § 285. As to the general proposition that a contract under seal, by an agent for a principal, is not binding on the principal, unless it profess to bind him, and be executed in his name, as his contract, it is sufficient to cite *Elwell* v. *Shaw*, 16 Mass. 42; *Fullam* v. *Inhabitants of West Brookfield*, 91 Mass. 1; *Townsend* v. *Hubbard*, 4 Hill, 351; *Kiersted* v. *Orange & A. R. Co.*, 69 N. Y. 343.

Although the assignment recites that Smith has a power of attorney from Sweet to convey the title, and purports to convey that title as well as his own title, Smith assumes to transfer as vendor himself, and not as the attorney for Sweet. The remarks of STORY, J., in *Clarke* v. *Courtney*, 5 Pet. 350, are apposite:

"The act does not purport to be the act of the principals, but of the attorney. It is his deed and his seal, and not theirs. This may savor of refinement, since it is apparent that the party intended to pass the interest and title of his principal. But the law looks not to the intent alone, but to the fact whether that intent has been executed in such a manner as to possess a legal validity."

If, as it was stated on the argument, the defendants claim under a title transferred to them directly by Sweet, and the real controversy

is as to which title should prevail, the bill should make Sweet a party, and should contain appropriate allegations to show complainant's equitable title prior in point of time to the title of the defendants, and notice to defendants of the complainant's rights.

The plea is allowed, with costs. Leave is granted to the complainant to move to amend his bill.