Wilde, J.
We have examined the cases cited in the argument of this cause, with a strong wish to discover some ground, which would authorize a decision according to the apparent equity of the case. The objection made to the grant to the tenant is merely technical; and it is impossible that any one should doubt as to the intention of the parties. Nevertheless the objection is supported by all the adjudged cases relating to the point.
It does not appear that the authority of Coombes’s case is at all shaken by more modern decisions. All concur in laying it down as an indispensable requisite, to give validity to a deed executed by an attorney, that it should be made in the name of the principal. This was admitted by all the Court, in the case of Wilks & Al. vs. Back, cited by the counsel for the tenant. It is true there is a dictum of Lord Holt’s in the case of Parker vs. Kett (7), which seems to countenance a different doctrine. But his remark, although general, must be qualified by reference to the case then under discussion ; which brought in question the validity of the appointment and acts of a sub-deputy or attorney, made by the deputy of the steward of a manor, for the purpose of taking the surrender of a copyhold estate. Such an attorney, says his lordship, may act in his own name, and without reciting his power, and the taking of the surrender will be good ; and that which follows has *ref- [ *47"] erence to such a case, or to acts of attorneys in pais, and not, as I take it, to the execution of deeds.
The current of authorities being thus strong, we must remember that stare decisis is a rule of no inconsiderable importance, if we wish to preserve the stability of judicial decisions, and to relieve the law, as much as possible, from the reproach of uncertainty, which has so often been urged against it.
' It is important that the forms respecting the transfer of real estate should be strictly observed; otherwise great looseness may be introduced, and titles may thus become involved in great uncertainty. A seal, although it may seem an unmeaning ceremony, and not at all necessary to explain the intention of the contracting parties, is nevertheless an essential part of a deed. The difficulty in the case at bar has arisen from employing as a scrivener to write the deed, one who was unacquainted with the forms of conveyancing. This *40 difficulty frequently occurs, and is a great evil. It is only to be prevented by a steady adherence, on the part of Courts, to the rules of law, whenever a question arises upon the operation of a deed, defective in any of the essential forms. These forms, in this country, are exceedingly simple: simple however as they are, it requires some knowledge of legal principles, to enable any one to apply them correctly (8).

New trial granted.

 1 L. Raym. 658. —12 Mod 466. S. C. —Salk 95. S C

 [The oower of attorney must be under seal as well as the deed. Berkley vs. Hardy, 8 D. & R. 102. —5 P & C. 355. —Ed.]