The opinion of the Court, was delivered by
Hobnblower, C. J.
— This was an action brought by John Dunlap against Sheldon et al. for rent reserved on an indenture of Lease, which is as follows. “ This indenture made Ac., between Isaiah Dunlap agent of John Dunlap, of &c. of the one part, and Noah and Samuel Sheldon, of Ac. of the other part; Witnesseth that the said Isaiah Dunlap, agent aforesaid, doth demise, grant and lease to the said Noah and Samuel, the House Ac. for the term of one year from Ac. yielding and paying therefor twenty-five dollars by quarterly payments, during the said term; and further, the said Noah and Samuel, at the expiration of said term, shall yield up the said promises in as good repair, Ac. to the said Isaiah Dunlap, agent aforesaid, in witness where *246 of, the parties to these presents have interchangeably set their hands and seals, this day and year, &c.”
This instrument, is signed and sealed, by and in the name of Isaiah Dunlap, without the addition, of the word “agent,” or any jther expression, denoting an intention to execute the deed, as attorney in fact for John Dunlap.
The question is, whether John Dunlap, can maintain an action, for the rent reserved, on this Lease. In my opinion, he cannot. This is a lease from Isaiah Dunlap to the Lessees, and not from John Dunlap. It is true, Isaiah describes himself as “ agent of” John, but he does not make the demise as agent; nor has he executed the deed, as attorney, or agent, for him. John Dunlap, is no party to this deed. If he has title, and had entered upon the possession of the Lessees, they could have had no remedy against him, founded upon their rights under this lease.
It is not necessary to say, what would have been the law of the case, if the rent had been reserved, and made payable by the terms of the Lease, to John Dunlap. It may be, that on a covenant to pay money, whether it be for rent or for any thing else, to a third person, such third person may maintain an action. [Piggot v. Thompson, 3 Bos. & Pul. 147 and note. Johnson v. Applegate, Coxe R. 7.)
But such is not the case here. The Lease reserves the rent, and fixes the amount, and time of payment, but does not say to whom it is reserved, or. to be paid; by construction of law therefore, it is reserved and payable to the Lessor, whoever he may be.
This brings us back to the question, who is the Lessor ? Certainly, not John Dunlap. It is a Lease made by a man, who says, he is “ agent of John Dunlap.” But his agent, for what ? He may have been his agent for any thing, and for every thing besides executing a deed, or making a lease of these premises. It does not in any way, by implication of law, or otherwise appear by the Lease, that John Dunlap, was the owner of, or that he had, or claimed, any estate or interest in the demised premises, or that the Lessees knew him at all, in the transaction; or that Isaiah Dunlap had any authority to make a Lease for him. Admitting that Isaiah was the agent of John, and, agent for this purpose, yet as I have said before, he did not make this Lease, as *247 his agent. In Brigden, v. Parkes et al. Exr’s &c. 2 Bos. and Pul. 424, the plaintiff declared that the defendants, “ executors as aforesaid,” accounted &e. for moneys due from the defendants, “ executors as aforesaid ” and that the defendants, “ executors as aforesaid,” were found indebted, and in consideration thereof, the defendants, “ executors as aforesaid,” promised to pay, Ac.; and the court held, upon general demurrer, that it was a count against them personally, and not, as executors. So, in Henshall v. Roberts et al. in Error, 5 East, 150, the plaintiffs below, Executors, <fcc. counted upon an account stated with them, “ executrix and executor as aforesaid,” &c.; the court said, “ it was the same as if it were said, A. B. &c. being executor, &c; it is not an allegation of their suing as such ; and we can supply nothing by intendment.” These cases have no application to the main question in this cause, but they are cited to shew that we cannot “ intend,” as it was insisted by the defendant’s counsel, that we should do, that Isaiah acted in this matter as the agent of John, and that therefore the defendants must be considered as leasing of, and covenanting with him.
But the great objection in this case is, that the Lease was not made by John Dunlap; it is not his deed. The rule is laid down in Combe’s ease, 9 Co. 76, 2nd resolution, “ that when one has authority, as attorney, to do any act, he ought to do it in his name who gives the authority; for, he appoints the attorney, to be in his place, and to represent his person: and therefore, the attorney cannot do it in his own name nor as his proper act; but in the name, and as the act, of him who gives the authorityand, by way of illustration, in the case of deeds, it is added; “ if attornies have power, by writing, to make leases, by indenture, for years &c. they cannot make indentures in their own names, but in the name of him who gives them warrant.” The cases, so far as 1 know, are uniform on this subject. See Frontin v. Small, 2 Str: 706; S. C. 2 Ld. Raym. 1418. Fowler v. Shearer, 7 Mass. R. 14; Wilks v. Back, 2 East. 140.
In Elwell v. Shaw, 16 Mass. R. 42, the deed recited the power of attorney, at length, and professed in terms, to have been made in pursuance of it; nevertheless, in other respects it was written, as a deed from Joshua Elwell, (the attorney) in his own right; except that it purported to be executed, in the name, and under *248 the seal of Jonathan Elwell, the principal, but in fact, was signed and sealed only, by and with the name and seal of the attorney. The Supreme Court of Massachusetts expressed a desire in that case, if possible, to escape from the rule in Combe’s ease, 9 Co. 76, but declared, that upon an examination of the authorities, and among others that of Parker v. Kett, 1 Ld. Raym. 658, which seemed to countenance a different doctrine, they found the rule unshaken ; and therefore rejected the deed.
There is no particular form of words (as one of the Judges in Wilks v. Back, 2 East, 140, remarked) required to be used, provided the act be done, in the name of the principal; but, the Lease in this case, neither is, nor professes to be the deed of John Dunlap.
The judgment must therefore be reversed.
Ford and Ryerson, Justices, concurred.

Judgment Reversed.

Cited in Kean v. Davis, Spencer 430.