HENRY S. HUTCHINS & another *vs.* PATRICK BYRNES & wife.

*It seems*, that in this commonwealth sealing, without signing, is not a sufficient execution of a conveyance of land.

A committee empowered by vote of a corporation to authorize the treasurer to convey real estate may communicate such authority orally.

An assignment of a mortgage of real estate from a corporation, concluding, "In witness whereof the said B. C. S. Bank, by J. S., their treasurer, duly authorized for this purpose, have hereunto set their name and seal," signed "J. S., Treasurer B. C. S. Bank," and sealed, is in form executed by the corporation.

WRIT OF ENTRY to foreclose a mortgage of real estate. At the trial in the court of common pleas before *Briggs*, J., the plaintiffs claimed to hold the mortgage by an assignment which purported in the body thereof to be from the Bristol County Savings Bank, and concluded thus:

" In witness whereof the said Bristol County Savings Bank, by George Atwood, their treasurer, duly authorized for this purpose, have hereunto set their name and seal this twenty ninth day of November 1856.

" Geo. B. Atwood, Tr. } [Seal.]
" Bristol County Savings Bank. }

" Then George B. Atwood acknowledged the foregoing instrument to be the free act and deed of the said Bristol County Savings Bank and of himself.

" George M. Woodward, Justice of the Peace."

To prove the authority of the treasurer to execute this assignment, the plaintiffs relied upon the by-laws of the corporation, which provided that it should be managed by a board of trustees, who should " have control in all matters of the institution not specially provided for," and " have power to elect a treasurer and such other officers as the interests of the institution might require ; " and upon votes of the trustees and of the corporation, " that the treasurer be authorized to sign all deeds and instruments for the legal conveyance of real estate, under the direction of the committee of investment."

The treasurer testified that the committee of investment held meetings every Monday, but kept no records of their doings. He also testified, against the defendants' objection, that he was authorized by that committee to execute this assignment.

Upon this evidence the defendants objected to the admission of the assignment of the mortgage,

" 1st. Because it did not appear that the treasurer had the requisite legal authority from the corporation to execute said assignment.

" 2d. Because said assignment was not so executed as to be the act and deed of the corporation."

But the judge overruled the objections, and permitted the deed to be offered in evidence. A verdict was taken for the plaintiffs, and the defendants alleged exceptions.

*B. Sanford*, for the defendants. The assignment of the mortgage was not proved. The direction of the committee of investment to the treasurer should be in writing, and by re-

corded vote of the committee. And the assignment was not executed in the corporate name, nor with the corporate seal. *Elwell* v. *Shaw*, 16 Mass. 42, and notes thereto in 1 Amer. Lead. Cas. (3d ed.) 575, & cases there cited. *Brinley* v. *Mann*, 2 Cush. 337.

*E. H. Bennett,* for the plaintiffs. The trustees had by the by-laws " control in all matters not specially provided for," and the treasurer testified that he had the authority of the committee of investment to assign this mortgage.

The assignment was duly executed. The corporation are the grantors named therein ; they declare that they have set " their corporate name and seal " thereto ; and it is acknowledged to be " their free act and deed." As their corporate name is actually signed, the preceding words, " Geo. B. Atwood, Tr." may be rejected as immaterial. See *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417.

Even if no name were attached, the corporate seal would be quite sufficient. 2 Bl. Com. 306. *Cromwell* v. *Grunsden*, 2 Salk. 462. It is so held in England, even under the statute of frauds. *Cooch* v. *Goodman*, 2 Ad. & El. N. R. 580. *Aveline* v. *Whisson*, 4 Man. & Gr. 801. *Cherry* v. *Heming*, 4 Exch. 631. Shep. Touchst. (Prest. ed.) 56, note. And in the Rev. Sts. *c.* 59, § 1, " deed executed " means as at common law. [BIGE-LOW, J. Sections 16 & 18, providing for " proving the hand-writing of the grantor and of any subscribing witnesses " of unacknowledged deeds, imply that he must sign.] In those cases, perhaps. But they equally imply that there must be wit-nesses, which this court has decided to be unnecessary. *Dole* v. *Thurlow*, 12 Met. 166. [BIGELOW, J. By § 29, " all es-tates or interests in lands, created or conveyed without any instrument in writing, signed by the grantor or his attorney, shall have the force and effect of estates at will only."] If an estate at will, it is sufficient for this case. And our statute is not more positive than the English. [BIGELOW, J. " And no estate or interest in lands shall be assigned, granted or surren-dered, unless by a writing *signed* as aforesaid, or by operation of law." Rev. Sts. *c.* 59, § 29.]

METCALF, J.  The defendants' counsel contends that the direction of the committee of investment to the treasurer should have been in writing and by their recorded vote.  But the committee kept no records, and were not bound to keep any ; nor was it necessary that their direction should be in writing.  Angell & Ames on Corp. § 291 a.

The defendants' main reliance is on the objection that the assignment in question was not so executed by the treasurer as to be the act and deed of the corporation.  But we are of opinion that this objection cannot be sustained.  The assignment was made in the name, and as the act, of the corporation, according to the rule laid down in *Combes's case*, 9 Co. 76 b, and always adhered to in England and in this commonwealth.  In *Brinley* v. *Mann*, 2 Cush. 337, and in *Elwell* v. *Shaw*, 16 Mass. 42, cited for the defendants, that rule had not been complied with.  The distinction between this case and those is most manifest.  Nor is there in the collection of decisions on this point, in 1 Amer. Lead. Cas. to which we were referred, a single case that renders the validity of this assignment doubtful.

*Conditional judgment to be entered.*