Gillig, Mott & Co. *v.* The Lake Bigler Road Co.

## GILLIG, MOTT & CO., Respondents, *v.* THE LAKE BIG-- LER ROAD COMPANY, Appellants.

This Court has never held it indispensable that a statement should be made in the Court below of the grounds relied on upon appeal, in order to entitle the appellant to a hearing.  Whilst the Court has censured the loose practice of omitting such statement of these grounds of error, it has not denied relief to litigants for the carelessness of their counsel in this respect.

The exceptions to the rulings of the Court below will be treated as a substitute for a statement of the grounds of error relied on.

When there is anything on the face of a note or bill of exchange showing that the party signing is acting for another, and not himself, parol testimony may be introduced to bind the principal.

A bill and acceptance in the following words indicates that J. E. Garrett was acting as agent for the Lake Bigler Road Company, and not for himself, in the acceptance :

LAKE BIGLER ROAD COMPANY,
Carson, January 15th, 1864.

[$2,000.]  Four months after date, pay to the order of Messrs. Gillig, Mott & Co. two thousand dollars, with interest at two and one-half per cent. per month till paid—value received—and charge the same to the account of

BUTLER IVES, Sup't.

To  J. E. GARRETT, Secretary, Carson.

The mere writing the word "agent" after the signature to a note or bill will not bind the principal; but if the name of the principal appears on the face of the instrument, then the word "agent" following the signature may, in connection with other things in the instrument, indicate that the principal only is bound.

The word "Superintendent," or "Secretary," written after a signature, has the same effect as the word "agent."

Although the written authority to the Secretary did not authorize him to accept bills, yet the fact that he had frequently accepted bills in favor of plaintiff, which were paid by defendant without complaint, was sufficient to bind defendants on other acceptances.

When a company is sued, under the provisions of our Practice Act, by its firm name, and subsequently on trial it is proved who compose that company, judgment may go not only against the company property, but against individuals composing that company.

APPEAL from the District Court of the First Judicial District, Storey County, the Hon. RICHARD RISING presiding.

All the facts necessary to an understanding of the points decided are stated in the Opinion.

*Atwater & Flandrau, Clayton & Clark,* for Appellants.

The Court erred in permitting the bills to be introduced in evidence. They do not, on their face, purport to be the bills of defendants, and parol evidence is not admissible to prove them such. (Parsons on Notes and Bills, Vol. 1, pp. 92, 93, and 94; Story on Agency, sec. 147, pp. 162–3; 2 Kent's Com. pp. 804–5; Chitty on Bills, pp. 36–40; *Stackpole* v. *Arnold*, 11 Mass. 27; *Barker* v. *Mechanics' Fire Insurance Co.*, 3 Wend. 94; *Moss* v. *Livingston*, 4 Coms. 208; *Hills* v. *Bannister*, 8 Cow. 31; *Eaton* v. *Bell*, 5 Barn. & Ald. 13; *Taber* v. *Cannon et al.*, 8 Metc. 456; *Bayliss* v. *Pierson*, 15 Iowa, 279; *Pentz* v. *Stanton*, 10 Wend. 271; *Fenly* v. *Stewart et als.*, 5 Sand. S. C. R. 101.)

The words annexed to the signatures, " Superintendent " and " Secretary," do not denote agency. (1st American Lead. Cases, p. 604.)

Neither Garrett nor Ives had authority to bind the company by drafts on bills of this kind. Their authority was strictly limited. The power under which they acted should be strictly construed. (*Beach* v. *Vandewater*, 1 Sand. S. C. R. 265; *Nixon* v. *Palmer*, 4 Sel. 398; *North River Bank* v. *Aymar*, 3 Hill, 262.)

The Court erred in permitting the jury to find who were members of the Lake Bigler Road Company. The suit was against the company as such, and not against the individual members. (See Stat. of 1861, p. 414, sec. 581.) This is not affected by the Act of 1862, p. 120.

*Quint & Hardy*, for Respondents.

There are no errors assigned in the record; therefore the Court cannot look into the statement of the case; it can only examine the judgment roll. (*Sayre* v. *Smith*, 11 Cal. 129; *Barrett* v. *Tewkesbury*, 15 Cal. 354; *Reynolds* v. *Lawrence*, 15 Cal. 359; *Dobbins* v. *Dollarhide*, 15 Cal. 374.)

The bills on their face are addressed to the " Lake Bigler Company." As to admission of explanatory evidence, see *Sayer* v. *Nichols*, 7 Cal. 535; *Haskell* v. *Cornish*, 13 Cal. 45; *Shaver* v. *Ocean Mining Co.*, 21 Cal. 45; *Hicks* v. *Hinde*, 9 Barb. 528; *Mott* v. *Hicks*, 1 Cow. 514; *Brockway* v. *Allen*, 17 Wend. 40; *Randall* v. *Van Vechten*, 19 Johns.; *Skinner* v. *Dayton*, 19 Johns.

548, 554; *Bank of Columbia* v. *Patterson*, 7 Cranch. 299; 2 Cowen & Hill's Notes, 1358; *Persil* v. *Dickinson*, 1 Mason's R. 10–12; *Storer* v. *Logan*, 9 Mass. 65; *Bank of Alexandria* v. *Bank of Columbia*, 5 Wheaton, 326.

The conduct of the company in paying the drafts of Ives and Garrett authorized the public to conclude they had full authority to draw bills. (See Story on Agency, secs. 239–95, 260; Paley on Agency, 280, 282, 165; *Allen* v. *Steam Navigation Company*, 22 Cal. 28.)

In this case the associates are sued by their individual names, as well as the company by its company name. This suit is not brought under the provisions of Section 581 of the Practice Act; it comes under the provisions of the Act of 1862, sec. 1, p. 120. The mode of entering judgment against joint debtors is prescribed by Section 32 of the Act of 1861.

Opinion by LEWIS, C. J., full Bench concurring.

We have not yet held a statement of the grounds upon which the appellant relies indispensably necessary before he can be heard in this Court, though we have often intimated that if it were omitted we would not feel disposed to search through a voluminous record for errors committed in the Court below. The neglect of so clear a requirement of the statute and of the rules of this Court is utterly inexcusable, and deserves no indulgence from the Court. Where, however, it is possible, we are always disposed to protect litigants from all costs and expense which might arise from negligence in the preparation of cases for this Court. The statement on appeal shows the rulings of the Court below and the exceptions taken; and heretofore in such cases we have taken such exceptions as an assignment of errors. As the Court has heretofore countenanced this loose practice, we do not feel justified in enforcing the strict rule until after the members of the profession have been notified that such shall be done. The principal questions on this appeal arise upon the ruling of the Court below admitting in evidence the bills of exchange upon which the action is brought. Several objections were interposed to their introduction, only one of which it will be necessary to examine, viz: that the bills were not the paper of the defendant or defendants mentioned in the com-

plaint.    These bills, which are three in number, are in the following form:

"LAKE BIGLER ROAD COMPANY, }<br>Carson, January 15, 1864.    }

"$2000.    Four months after date, pay to the order of Messrs. Gillig, Mott & Co., Two Thousand Dollars, with interest at two and one-half per cent. per month till paid, value received, and charge the same to the account of

BUTLER IVES, Superintendent.

"To J. E. Garrett, Secretary, Carson."

We find that each draft is accepted by the drawer in the following manner: "J. E. Garrett, Secretary L. B. R. Co." It is claimed by the plaintiffs that the drafts were given by the Superintendent of the Lake Bigler Road Company, and accepted by the Secretary, for goods furnished the company, and that their officers had the authority to bind the company by drafts of this kind on the Secretary.    Upon the trial, an effort was made to establish their authority, after which the drafts were offered in evidence, objected to by the defendant, and admitted by the Court.    Of this ruling the defendant complains: first, because it is claimed the bills themselves do not purport to be the bills of the Lake Bigler Road Company; and second, because parol evidence is inadmissible to charge a person upon a negotiable instrument who is not a party thereto.    We agree with counsel, that if there be nothing in the instrument itself indicating an intention to bind the principal, the agent alone is chargeable on the note; but if there be anything on the face of the instrument showing that the person signing it was acting for another, and not for himself, parol evidence is admissible to charge the principal.    Upon this point Mr. Story lays down the correct rule, as recognized in all the modern authorities.    With respect to contracts not under seal, he says: " It is very clear from the authorities that it is not indispensable, in order to bind the principal, that such a contract should be executed in the name and as the act of the principal.    It will be sufficient if upon the whole instrument it can be gathered from the terms thereof that the party describes himself, and acts as agent, and intends thereby to bind the principal, and not to bind himself."    (Story on Agency, Sec.

15

160.   See also *The New England Marine Insurance Company* v. *James De Wolf*, 8 Pick. 56 ; *Hovey* v. *Magill*, 2 Conn. 680 ; Story on Agency, Secs. 154–5 ; *Pentz* v. *Stanton*, 10 Wend. 271 ; *Townsend* v. *Hubbard*, 4 Hill, N. Y. Rep. 351.)   But the authorities certainly do not sustain the learned commentator in the more comprehensive doctrine which he says is maintained by the more modern authorities, *i.e.*, " that if the agent possesses due authority to make a written contract not under seal, and he makes it in his own name, whether he describes himself to be an agent or not, or whether the principal be known or unknown, he, the agent, will be liable to be sued, and be entitled to sue thereon, and his principal also will be liable to be sued, and be entitled to sue thereon in all cases, unless from the attendant circumstances it is clearly manifest that an exclusive credit is given to the agent, and it is intended by both parties that no resort shall in any event be had by or against the principal upon it." (Sec. 160.)   Few, if any of the authorities cited support this proposition of the text.   It will be found upon examination that those cases, where the principal had been charged when there was a written contract not disclosing an intention to charge the principal, or which was executed in the name of the agent, the action was not based upon the written instrument, but upon the transaction between the agent and the third party, independent of the written contract.   As, for example, where an agent purchases goods for his principal, and gives a note signed by himself for the consideration money, an action could not be maintained against the principal upon the promissory note ; but the vendor of the goods might repudiate the note and maintain his action for goods sold and delivered against the principal.   Parol evidence would not be admissible to vary or contradict the written instrument by making the contract of the agent that of the principal.   Most of the cases cited by Mr. Story in support of the more comprehensive doctrine which he speaks of, are cases of that character, and not actions brought on the written instrument.   Doubtless, most of the apparent conflict and confusion in the authorities arise from a failure to make this distinction—a point which Mr. Justice Story certainly did not seem to observe in the authorities cited by him in support of his text.   The dictum of Baron Park, in *Higgins* v. *Senior*, 8 Merson & Wils. 834, that

parol evidence is admissible to charge the principal upon a written contract, which in no wise purports to be made for or on his behalf, is not supported by reason or authority, and was utterly repudiated and its fallacy completely exposed in the case of *Fenly* v. *Stewart*, 5 Sandford's R. 101; and the rule maintained that unless the intention to bind the principal appear upon the face of the written instrument, parol evidence is inadmissible to charge him on it. After a thorough examination of the question, the Court say in conclusion that " the distinction appears, to be this : where a contract is reduced to writing, whether in compliance with the requisites of the statute of fraud or not, and it is necessary to sue upon the writing itself, there you cannot go out of the writing, or contradict or alter it by parol proof, and consequently cannot recover against a party not named in the writing ; but where the contract of sale has been executed, so that an action may be maintained for the price of the goods, irrespective of the writing, there the party who has had the benefit of the sale may be held liable, unless the vendor, knowing who the principal is, has elected to consider the agent his debtor." So in the case of the *United States* v. *Parmelee*, 1 Paine's C. C. Rep. 252, Mr. Justice Livingston says : " Courts of law, out of their great solicitude to protect the interest of a principal, have gone great lengths in identifying him with his agent or factor, and as a necessary consequence have permitted a suit in his own name, although he be not, except by implication of law, a party to it. *But the Court does not know that such suit was ever sustained on the contract itself, where one in writing took place between the factor and vendor, in which the name of the principal did not appear.*" And the authors of American Leading Cases say in their note to *Taintor* v. *Pendergast*, that " not only must the name of the person for whom the engagement is entered into appear in the instrument, but a relation of agency between himself and the person making the engagement must be disclosed on its face." (1 American Leading Cases, 628.) These decisions rest on the rules of law, that no person can be charged upon a written contract except those who are parties to it ; that in an action upon said contract or agreement the whole liability must be made out on the instrument itself, and that parol evidence is not admissible to alter, add to, or vary it, which is clearly done when it is admitted either to discharge

one party or to substitute or add another to it.   (*Finley* v. *Stewart*, 5 Sandford's R. 101.)   But if the name of the principal and the relation of agency between himself and the person making the engagement is disclosed on the face of the agreement, parol testimony is admissible, to determine the respective liability of the principal and agent.   1 American Leading Cases, 632, where, in the note to *Taintor* v. *Pendergast*, this whole subject is elaborately and learnedly reviewed.   Indeed, the entire current of authorities seems to be against the dictum of Baron Park and the statement of Mr. Justice Story.   (1 American Leading Cases, 626 ; *United States* v. *Parmelee*, 1 Paine C. C. Rep. 252 ; *Newcomb* v. *Clark*, 1 Denio, 226 ; *Pentz* v. *Stanton*, 10 Wend. 271 ; *Fenn* v. *Harrison*, 3 Tenn. R. 761 ; *Torbort* v. *Walton*, 9 N. Y. 571 ; *Skiffin* v. *Walker & Rawleston*, 2 Camp. 308 ; *Emily et als.* v. *Lye et als.* 15 East. 6 ; *Stackpole* v. *Arnold*, 11 Mass. Rep. 27 ; *Mayhew* v. *Prince*, 16 Mass. 54 ; *Finley* v. *Stewart*, 5 Sanford's Rep. 101 ; *Bradlee* v. *Boston Glass Manufactory*, 16 Pick, 347 ; *Alfredson* v. *Ladd*, 12 Mass. R. 173 ; *Menard* v. *Reed*, 7 Wend. 68 ; *Spencer* v. *Field*, 10 Wend. 87 ; *Task* v. *Roberts*, 113 Monroe, 201 ; *Packard* v. *Nye*, 2 Metcalf, 47 ; *Barker* v. *The Bedford Conn. Insurance Company*, 3 Met. 442 ; *Thomas* v. *Bishop*, 2 Stru. 955 ; *Barker* v. *The Fire Insurance Company of New York*, 3 Wend. 94.)   Nor does the case of a dormant partner bear any analogy to that of mere naked agency.   When an action is maintained against such partner upon an instrument executed in the name of his partners or in the name of the firm, it is upon the ground that the name employed is a representative name, and he is charged as having contracted under that name, and parol testimony is admissible to show that he has adopted such name, or that he is a member of the firm in whose name the contract is executed.   Not so, however, when the agent executes a contract in his own name.   (1 American Leading Cases, 634.)   It cannot be said that the principal has adopted the name of his agent, except perhaps in certain kinds of contracts hereafter referred to.   It will be observed, also, that this is the rule adopted in cases of written contracts not under seal. When the instrument is required to be under seal, a much stricter rule is observed.   (*Elwell* v. *Shaw*, 16 Mass. 42.)

It remains to be determined, then, whether the bills upon which

this action is brought upon their face sufficiently indicate the intention of the agents to act for and on behalf of the Lake Bigler Road Company. If not, they must fall within the rule adopted in the cases above cited, and the company could not be charged upon them. After a careful examination of the authorities upon the question of what, in cases of this kind, is sufficient to indicate the agency so as to charge the principal, we conclude that the agency of Garrett, and his intention to act for the company only, is sufficiently apparent from the instruments themselves, and that if his authority to execute such instruments be estabishled, the Road Company is holden upon the bills. It is a patent fact, observable in the more modern authorities, that there is a growing disposition to favor such construction of any words which may be used in written instruments executed by an agent, and from which an agency may be inferred, as will make the instrument the contract of the principal, rather than that of the agent.

Perhaps out of a laudable desire to carry out the real intention of parties to mercantile transactions, Courts have in many cases gone beyond the sanction of the strict rules of law; nevertheless, when, from a fair construction of an instrument not under seal, an intention is evident to act for and on behalf of the principal, and that fact is known to the party with whom the contract is made, we think the principal, and not the agent, should be holden upon it. Contracts by factors, insurance agents, and ship masters, executed in their own name, are exceptions to the rule, as we have stated it; the principals in such cases are holden upon the same principle as the dormant partner. It has become a custom for those classes of agents to contract in their own names, and the principal is therefore presumed to authorize them so to execute all contracts on their behalf; (Story on Agency, Sec. 162, *Id.* 164) and as these agents usually have a personal interest in the contract, the agent or principal may sue or be sued upon it. Whether this exception is well founded or not we do not pretend to say. The Courts have, however, made the exception; the decisions upon these classes of contracts are, therefore, not authority in a case of this kind.

No one can look at the bills upon which this action is brought without at once conceding that the acceptance was on behalf of the company. They are headed " Lake Bigler Road Company," signed

by "Butler Ives, Supt.," and accepted by "J. E. Garrett, Sec'y L. B. R. Co." The bill appears to us to be the draft of Butler Ives on the Lake Bigler Road Company, and that the acceptance was by Garrett, on behalf of the company, acting as its Secretary.

It is in the form of a request, made to the company through its Secretary, to pay the sum mentioned therein to the payees, and to charge the same to the account of Ives, and the company accepts it by its Secretary. We think, therefore, that there is sufficient on the face of the instrument to charge the company on the acceptance. It is impossible to reconcile all the cases upon the question of what facts will be sufficient in law to establish the intention to bind the principal; but there are many, wherein it is held that such intention is established by facts much less conclusive than those presented here. In *Hovey* v. *Magill*, 2 Conn. 680, which was an action on a promissory note, drawn by an agent of an incorporated company, and began, "I promise," and was signed in his own name, as agent of the company, Swift, C. J., delivering the opinion of the Court, said: "When an agent, duly authorized, subscribes an engagement in such a manner as to manifest an intent not to bind himself, but to bind the principal, and when, by his subscription, he has actually bound the principal, then it is clear the contract cannot be binding on him personally.

"It will be agreed that no precise form of words is required to be used in the signature; that every word must have an effect if possible, and that the intention must be collected from the whole instrument taken together. Who can entertain a doubt upon reading the note in question that it was the intention of the defendant to bind the company, and not himself? It is, however, said that he made use of the expression 'I promise,' which is in terms a personal undertaking; but he has qualified it by adding his character of agent, which unequivocally shows that he did not mean to bind himself. * * * I can see no reason for the addition of agent, but to render the note obligatory on the company, and exclude the idea of individual liability; this is the plain language of the transaction, and we ought to give it the obvious meaning, and not entrap men by the mere form of words.

"This mode of signing the note will fairly admit of this construction: I, as agent of the company, pledge their credit, or give their

promise to pay the note; or, the company, by me as their agent, promise to pay it.   But if we consider the word ' agent' as merely *descriptio personæ*, we give it no operation, and really expunge it from the writing.   We are bound, however, to give effect to every word, if possible, and the only way to give this word any effect is to make the note binding on the company."

This is going much further toward charging a principal upon such instruments than we feel disposed to go, though the opinion is sustained by numerous well considered cases.   (*Bondell* v. *Van Vestilia*, 19 John. 60; *Sayer* v. *Nichols*, 7 Cal. 535; *Haskell* v. *Comish*, 13 Cal. 45; *Dispatch Line of Packets* v. *Bellowy Manufacturing Co.* 12 N. H. 205; *McCall* v. *Clayton Busbee*, 422; *Proctor* v. *Webber*, D. Chif. 371; *Roberts* v. *Batten*, 14 Vt. 195; *Shelton* v. *Darling*, 2 Conn. 435; *Johnson* v. *Smith*, 21 Conn. 627; 1 Parsons on Bills and Notes, 99.)

We do not think the mere fact of placing the word " agent " after the name of him who signs the instrument is sufficient to make it the contract of the principal.   If, however, in addition to that, the name of the principal appears upon the face of the instrument, and by a fair and reasonable interpretation of the whole contract it is apparent that the agent intended to bind the principal, whose name so appears upon the instrument, and not himself, the Courts should give effect to such intention.   There should always be sufficient in the written instrument itself, without recourse to evidence outside, to make it at least reasonably certain that it is the instrument of the principal whose name appears in the contract.   It is perhaps, impossible to lay down any general rules which will govern all cases of this kind.   Whether the intention to bind the principal is apparent upon the face of an instrument is a question which must be determined by the peculiar facts of each case considered in the light of practical philosophy; for the law is preëminently a practical science.   It deals with the transactions of a man as it finds them, and judges of his motives and purposes not by some metaphysical or speculative theories, but by those philosophical principles which are drawn from his daily action or conduct.   If we look upon the bills presented in this case and judge of the intention of the parties rather by what they have in fact done, than by what they should have done, there can be no doubt of the fact that they were drawn

on the Lake Bigler Road Company, and accepted by its Secretary on its behalf.   We are unable to see the distinction which the learned counsel for appellants attempts to make in the effect to be given to the word " Superintendent " or " Secretary " written after the name of the person executing an instrument, and the word "Agent."   The word " Superintendent " or " Secretary " as clearly indicates the relation of agency and an intention to represent another as the word "Agent," and, whilst we do not pretend to say that any of those words written after the name of a person executing a written instrument, and unconnected with anything else, would be sufficient to show the agency, yet if there be other words and expressions used which also tend to show such agency as in this case, and the form and nature of the contract is such as to bind the principal, we think he should be holden instead of the agent.

It is claimed, however, that Garrett had no authority to bind the company by the acceptance of paper of this kind.

It is clear from the written authority entered upon the books of the company that no power to sign bills or notes could be included in it; but it appears from the evidence in the transcript that the company frequently sanctioned the acceptance of such bills by the Secretary, and that similar bills had been given to the plaintiffs and paid by the company.   These facts of themselves are sufficient to establish the authority of the agents so far as the plaintiffs in this case are concerned, for it is a familiar rule of the law of agency that where an agent is in the habit of doing certain acts on behalf of his principal, and they are sanctioned by the principal, the agent is presumed to possess the authority to do such acts in similar transactions, and in the course of the same business.   (Story on Agency, secs. 55, 56.)

Thus says Chancellor Kent : " Where a person sent his servant to a shopkeeper for goods upon credit, and paid for them afterwards, and sent the same servant again to the same place for goods and with money to pay for them, and the servant received the goods but embezzled the cash, the master was held answerable for the goods ; for he had given credit to his servant by adopting his former act."

So where a broker had usually signed policies of insurance for another person, or an agent was in the habit of drawing bills on

another, the authority was implied from the fact that the principal had ratified and assumed the acts, and he was held bound by repetition of such acts, where there was no proof of notice or any revocation of power or of collusion between a third party and the agent. (2 Kent, 851.)

The Lake Bigler Road Company having at various times before the execution of the bills of exchange upon which this action is brought sanctioned the authority of Garrett in similar transactions, they must be holden on their bills upon the law as enunciated by Chancellor Kent.

Neither can we agree with counsel for appellant that the only judgment which can be rendered for plaintiffs in this case is a judgment against the joint property of the company.

Section 1 of an Act entitled " An Act relating to the manner of commencing civil actions," laws of 1862, page 120, provides that " in all actions hereafter brought on contract, the defendants may be sued by the name or style under which the contract was made, and upon its being shown on the trial who are the persons of whom the name or style is descriptive, judgment may be rendered against them as now provided by law."

The defendants in this action were sued under the name of the Lake Bigler Road Company, and upon the trial, proof was introduced to show who composed the company; and judgment was rendered against the company, and also against the individual members served with summons, which was in accordance with Section 32 of the Practice Act as it existed at the time of the passage of the Act of 1862; but it is claimed that this was error.   First, because the contract upon which the action is brought is not made in the name of the Lake Bigler Road Company ; and, second, because the words " judgment may be rendered against them as now provided by law," in Section 1, above referred to, only authorized judgment against the company *in solido*, for it is said the law at that time provided for no other kind of judgment in cases of this kind.   In our opinion the contract of acceptance upon the bills is in the name of the company.

As we have stated before, the drafts are drawn by Ives on the Lake Bigler Road Company, and accepted by it through its agent, the Secretary.

That the acceptance by Garrett, though not in the proper form, is in effect the same as if he had signed it " Lake Bigler Road Company, by J. E. Garrett, Secretary."

We think counsel equally in error in his second objection. It is perfectly clear, from the language of Section 1, that it was the intention to enable the plaintiff to recover a judgment which could be enforced against the individual members of companies sued by their company names ; otherwise, whence the necessity of proving who are the persons composing such company ?

If judgment in such cases can only be rendered against the company, the adoption of the section was utterly useless, for such cases were already provided for by Section 581 of the Civil Practice Act. And if judgment in an action upon a contract executed in a company name can only be rendered so as to charge the company properly, we ask whence the necessity of " showing on the trial who are the persons of whom the name or style is descriptive."

The evident intention was to authorize judgment as provided by Section 32 of the Practice Act, when it was shown who the persons were composing the company.

The judgment was so entered and must be affirmed.