HENRY SCHAEFER, RESPONDENT, *v.* JULIUS A. BID-
WELL, APPELLANT.

DUE BILLS SIGNED BY SUPERINTENDENT OF MINING COMPANY. In a suit against
the superintendent of a mining company on due bills signed by him, but
adding after his signature " Supt. C. S. M. Co." : *Held*, that he might show
that the consideration for the bills passed to the company, that the credit
was given to it, that he had authority to bind it, and acted solely as such
agent to the knowledge of the payers of the bills ; and that the rejection of
such proffered evidence was error.

APPEAL from the District Court of the Seventh Judicial
District, Lincoln County.

Plaintiff sued to recover $2,840 10 on a number of due
bills, made to himself and others, his assignors, in the form
recited in the opinion. They were all given about the mid-
dle of the year 1867; but it appears that defendant had de-
parted from the State soon after giving them, and did not
return until May, 1872, and such absence was alleged in the
complaint. The answer denied that defendant had executed
the bills, and set up that he was at the time superintendent
and finance agent of the Crescent Silver Mining Company,
and that as such agent and on behalf of said company, and
not otherwise, he signed the bills referred to. It also set
up other defenses.

On the trial all the testimony tending to prove that de-
fendant was acting in signing the bills merely as agent of
the Crescent City Mining Company, and not in his individual
capacity was stricken out; and an offer to prove that fact and
the further facts that the consideration passed to the com-
pany and that the credit that was given to it, was rejected.
The court instructed the jury that the bills were the bills of
defendant, and they were not to take into consideration any
evidence to show that any one else or any company was
responsible for the payment of them; that it made no differ-
ence what the letters following the name of J. A. Bidwell

on the bills meant ; that the court had given the legal con-
struction to the bills and was alone responsible for doing so,
and the jury was bound to apply the law as given by the
court.

The jury, under the instructions, found a verdict in favor
of plaintiff on the small bills for $442 10; and on the bill
for $2,110, claimed to be due plaintiff himself, "in favor of
defendant, believing that it never existed." Judgment was
entered upon the verdict for the sum so found due and in-
terest amounting in all to $740, and costs and disbursements
amounting to $3,683 50. The sheriff's fees were set down in
the cost bill at $2,954 50; but they were afterwards on
motion reduced to $94 50, making the costs in the aggregate
$823 50.

· Defendant appealed.

*Pitzer & Corson, Bishop & Sabin* and *A. B. Hunt,* for
Appellant.

I.   There is sufficient appearing upon the face of the due
bills, to show that the engagement of Bidwell was that of an
agent and not that of a principal. The form of the bills,
dating them at "Crescent Mill" and adding "Supt. C. S. M.
Co.," bring the case clearly within those of *Carpenter* v.
*Farnsworth,* 106 Mass. 560; *Hovey* v. *McGill,* 2 Conn. 680;
1 Parsons on Bills and Notes, 97; *Houghton* v. *National Bank
of Elko,* 24 Wis. 663; *Means* v. *Dwaimsted*; 32 Ind. 87; *Gillig,
Mott & Co.* v. *Lake B. R. Co.,* 2 Nev. 321.

II.   There was at least sufficient appearing upon the face
of the paper to make it doubtful whether or not the person
signing intended to bind himself individually or only to
engage as agent; in which case all the evidence offered was
admissible for the purpose of resolving that doubt and
showing the true nature of the transaction. 1 Parsons on
Bills and Notes, 94–95; *Mechanic's Bank* v. *Bank of Colum-*

*bia,* 5 Wheat. 326; *Haile* v. *Pierce,* 32 Maryland, 327; *Hicks* v. *Hinde,* 9 Barbour, 528; *Mott* v. *Hicks,* 1 Cowen, 513; *Sayre* v. *Nichols,* 7 Cal. 535; 1 N. J. 683; 2 Ala. 657; 6 J. J. Marsh, 31; 5 B. Mon. 51; 17 Wend. 40; 9 Grat. 68; 29 N. Y. 619; 21 Ind. 90.

*J. C. Foster* and *G. S. Sawyer,* for Respondent.

No brief on file.

By the Court, WHITMAN, C. J.:

Respondent claimed and had recovery on certain bills, of which the following is a sample in form :

"$50.00.    One day after date, due Henry Devann fifty dollars, value received.              J. A. BIDWELL,

" Supt. C. S. M. Co.

"CRESCENT MILL, June 18th, 1867."

The appellant, under proper averments in his answer, sought to prove that the consideration for the bills passed to a corporation, of which he was the superintendent; that the credit was given to it; and that he had authority to bind it by the bills, and acted solely as such superintendent to the knowledge of the world, and especially to that of the payees of the bills and respondent, their assignee. The proffered evidence was rejected, and the jury instructed that the bills were the individual paper of appellant. There was enough on the face of the bills to entitle appellant to make the desired proof. *Gillig, Mott & Co.* v. *Lake Bigler Road Co.* 2 Nev. 214. To refuse its admission was error. The jury were deprived of proper evidence, and wrongly instructed. The judgment is reversed, and case remanded for a new trial.