INHABITANTS OF NOBLEBORO *vs.* JOHN L. CLARK.

Lincoln.　Decided March 7, 1878.

The authority of an agent to execute a deed in behalf of his principal, need not be given in express terms; but may be implied from the express power given. The power to sell the land of the principal necessarily implies the power to execute a proper deed to carry the sale into effect.

*Thus:* At a legal town-meeting " chose H agent to sell the balance of the town landing, if he thinks it will be for the interest of the town to do so." *Held,* that by this vote H had authority to sell the demanded premises, and to execute a proper deed of conveyance thereof in behalf of the town.

In Maine, where a deed is executed by an agent or attorney with authority therefor, and it appears by the deed that it was the intention of the parties to bind the principal or constituent,—that it should be his deed and not the deed of the agent or attorney—it must be regarded as the deed of the principal or constituent, though signed by the agent or attorney in his own name. R. S., c. 73, §§ 10 and 15.

In determining the meaning of the parties to a deed, recourse must be had to the whole instrument.

The deed sets out that the inhabitants of the town of N conveyed to Clark a certain tract of land. In witness whereof, they, " by the hand of Hatch, hereunto duly authorized, . . . have set their seal, and the said Hatch has hereunto subscribed his name." Hatch, as agent of N, acknowledged the instrument to be the free act and deed of the inhabitants of the town. *Held,* that it was the deed of the inhabitants of N.

ON EXCEPTIONS.

WRIT OF ENTRY, dated April 5, 1876, to recover a parcel of land in Nobleboro.

The plaintiffs put in deed from John Borland to the town of Nobleboro, dated and acknowledged May 24, 1804, and recorded September 17, 1805, admitted to cover land described in the writ.

The defendants put in the record of a legal town meeting of the inhabitants of Nobleboro, held March 16, 1874, at which the town duly voted as follows: " Chose J. Arad Hatch agent to settle with the railroad company, and sell the balance of the town landing if he thinks it will be for the interest of the town to do so, and to settle all other matters with the railroad company." Also a deed of the following tenor, signed and acknowledged as appears therein, and covering the land described in the writ:

" Know all men by these presents, that the inhabitants of the

town of Nobleboro, in the county of Lincoln and state of Maine, in consideration of the sum of one hundred dollars, paid by John L. Clark, of said Nobleboro, the receipt whereof they do hereby acknowledge, do hereby remise, release, bargain, sell and convey, and forever quitclaim unto the said John L. Clark, his heirs and assigns forever, all their right, title and interest, in and to a certain-tract of land, situate in said Nobleboro, and bounded and described as follows: [ Here follows the description.] Containing two acres, more or less, excepting, however, from the above described premises, the land taken and crossed by the Knox & Lincoln Railroad Company. To have and to hold the same, together with all the privileges and appurtenances thereunto belonging, to the said John L. Clark, his heirs and assigns forever. In witness whereof, the inhabitants of said town, by the hand of J. Arad Hatch, of said Nobleboro, hereunto duly authorized by a vote of the inhabitants of said town, at the annual town-meeting held in said town on the 16th day of March, A. D. 1874, have hereunto set their seal, and the said J. Arad Hatch has hereunder subscribed his name this tenth day of March, in the year of our Lord one thousand eight hundred and seventy-five. Signed, sealed and delivered in presence of William H. Hilton.

(Signed)                    J. Arad Hatch.    [ Seal.]

· " Lincoln, March 13, 1875. Personally appeared J. Arad Hatch as agent of the said town of Nobleboro, and acknowledged the above instrument to be the free act and deed of the inhabitants of said town. Before me, Wm. H. Hilton, Justice of the Peace."

The presiding justice ruled that the deed did not pass the title to the defendant, and that he failed to make out a valid defense. The verdict was for the plaintiffs; and the defendant alleged exceptions.

*O. D. Baker*, for the defendant, contended that the authority to sell implied the power to make a deed, and that Hatch signed as attorney for the town, not as an attorney at law, but as attorney in fact, made so by a vote of the town; and that it was. not necessary that an agent or attorney should sign the name of

his principal or express his agency in his signature ; that taking the whole deed together, it was manifestly the execution of the principal, and cited the following cases in addition to some stated in the opinion. *Burrill* v. *Nahant Bank*, 2 Met. 163. *Decker* v. *Freeman*, 3 Maine, 338. *Clark* v. *Manufacturing Company* and cases, 15 Wend. 256, 258. *Williams* v. *Bacon*, 2 Gray, 387. *Trueman* v. *Loder*, 11 Ad. & E. 589. *White* v. *Proctor*, 4 Taunt. 209. *Hutchins* v. *Byrnes*, 9 Gray, 367. *Craig* v. *Franklin County*, 58 Maine, 479. *Haven* v. *Adams*, 4 Allen, 80. *Frontin* v. *Small*, Ld Raym. 1418. *Townsend* v. *Hubbard*, 4 Hill, 351. *Tenant* v. *Blacker*, 27 Ga. 418. *Unwin* v. *Wolseley*, 1 T. R. 674. *Thompson* v. *Carr*, 5 N. H. 510. *Ward* v. *Bartholomew*, 6 Pick. 409. *Cofran* v. *Cockran*, 5 N. H. 458.

*A. P. Gould & J. E. Moore*, for the plaintiffs, contended that there was nothing in the vote authorizing Hatch to make a deed, and nothing in the deed to show that Hatch signed for the town, and cited and discussed the following cases. *Hutchins* v. *Byrnes*, 9 Gray, 367, 369. *Abbey* v. *Chase*, 6 Cush. 54, 56. *Brinley* v. *Mann*, 2 Cush. 337. *Stinchfield* v. *Little*, 1 Maine, 231 and cases. *Elwell* v. *Shaw*, 16 Mass. 42. *Fowler* v. *Shearer*, 7 Mass. 14. *Cofran* v. *Cockran*, 5 N. H. 458. *Ward* v. *Bartholomew*, 6 Pick. 409. *Springfield* v. *Miller*, 12 Mass. 415.

LIBBEY, J. In this case two questions are raised.

I. Had J. Arad Hatch authority, as agent of the plaintiff town, to execute the deed to the defendant, relied upon by him.

II. If he had such authority, did he properly execute it, so as to bind the plaintiffs, in executing the deed to the defendant.

We think Hatch had authority to execute a deed of the demanded premises in behalf of the plaintiffs. The plaintiffs, at a legal meeting therefor, held March 16, 1874, passed the following vote : " Chose J. Arad Hatch agent to settle with the railroad company, and sell the balance of the town landing if he thinks it will be for the interest of the town to do so, and to settle all other matters with the railroad company." By this vote the authority to sell the balance of the town landing is not limited to

a sale to the railroad company. It had already taken a part of town landing for its road. There is no intimation that the railroad company desired to purchase the balance.

The authority to sell is general. It is not necessary that the authority to the agent to execute a deed in behalf of his principal should be given in express terms. It is sufficient if such authority is implied from the express power given. The power to sell the lands of the principal necessarily implies, and carries with it, the power to execute a proper deed to carry the sale into effect. *Marr* v. *Given*, 23 Maine, 55. *Valentine* v. *Piper*, 22 Pick. 85.

Is the deed to the defendant of the demanded premises properly executed by Hatch? The sale was made by him to the defendant. He paid for the land. The plaintiffs received and retain the money. The deed should be upheld, if it can be consistently with the rules of law. It was early settled in Massachusetts that a deed executed by an attorney, to be valid, must be made in the name of his principal. *Fowler* v. *Shearer*, 7 Mass. 14. *Elwell* v. *Shaw*, 16 Mass. 42. *Brinley* v. *Mann*, 2 Cush. 337.

After a careful examination of the English and American authorities by the court, the same rule was affirmed as the law of this state in *Stinchfield* v. *Little*, 1 Maine, 231. In *Decker* v. *Freeman*, 3 Maine, 338, this court, while declaring the rule as determined in *Elwell* v. *Shaw* and *Stinchfield* v. *Little*, to be the settled law of this state, say: " But we are not disposed to extend it to cases fairly distinguishable from those which have been cited." The grantors named in the deed then under consideration were " the proprietors of the township lately called Pearsontown, but now Standish, by Benjamin Titcomb, Samuel Freeman and Joseph Holt Ingraham, a committee legally appointed," etc.; and the attestation clause was as follows: " In witness whereof, the said proprietors, by their committee aforesaid, who subscribe this deed in the name and behalf of said proprietors, have hereunto set their hands and seals ; " and the committee signed their own names only. It was held to be the deed of the proprietors of the town. After commenting on the several clauses of the

deed, the court, Weston, J., says: "The committee, therefore, do not act in their own name, but in the name of the principal, and that is all that the rule of law requires;" and he quotes from *Wilks* v. *Back*, 2 East. 142, that "there is no particular form of words required to be used, provided the act be done in the name of the principal."

In *Haven* v. *Adams*, 4 Allen, 80, the deed then under consideration named the Grand Junction Railroad and Depot Company, a corporation, etc., as grantor, and the attestation clause was thus: "In testimony whereof, said party of the first part have caused these presents to be signed by their president, and their common seal to be hereto affixed. Samuel S. Lewis, President." [Seal.] The court held the deed to be well executed as the deed of the corporation. Chapman, J., in the opinion of the court, after commenting on *Brinley* v. *Mann, supra,* and *Abbey* v. *Chase*, 6 Cush. 54, says: "The question in such cases is, whether the deed purports to be the deed of the principal, or the deed of the agent executed by him in behalf of the principal. In the first case, it is held to convey their property because it is their deed; in the latter case, it does not convey their property, because it is his deed. It is always a mere question of construction. In this case, it purports to be their deed, and it therefore conveys their title."

In *Montgomery* v. *Dorion*, 7 N. H. 475, the deed purported to convey the premises to the petitioner by Joseph Dorion, but was executed as follows: "In testimony of the foregoing, I. Winslow, Jr., being duly constituted attorney for the purpose, by all the foregoing grantors, has hereunto set his hand and seal. Isaac Winslow, Jr." [Seal.] Richardson, C. J., in delivering the opinion of the court, says: "In this case, in testimony that the grantors, who are named as such in the deed, make the conveyance, the agent puts his hand and seal to the instrument. This seems to be tantamount to putting his hand and seal to the deed for them, which is sufficient." In *Hale* v. *Woods*, 10 N. H. 470, the deed was signed David King, attorney for Zachariah King. The court said that the deed of an attorney, to be valid, must be in the name, and purport to be the act and deed of the principal;

but whether such is the purport of an instrument, must be determined from its general tenor, and not from any particular clause.

In *Deering* v. *Bullitt*, 1 Blackf. 241, it was said that in determining who were parties to a deed executed by an attorney, as in ascertaining the nature and effect of it, recourse must be had to the whole instrument.

In *Hunter* v. *Miller*, 6 B. Munroe, 612, the instrument was signed W S H, seal, for T T & M H, but the body of the instrument stated that the principals were to convey. The court held that it did not bind the agent, and laid down the following rule, that "if it clearly appears on the face of the instrument who is intended to be bound, and if the mode of execution be such as that he may be bound, the necessary consequence of the universal principle applicable to contracts is, that he is bound, and that, if such appears to be the intention of the parties, he alone is bound."

It is contended by the counsel for the defendant that the rigid, technical, common law rule has been relaxed by the provisions of our statutes. R. S., c. 1, § 4, clause XXI, is a rule for the construction of statutes and not of contracts. Sections 10 and 15 of c. 73 are as follows: Sec. 10, "There can be no estate created in lands greater than a tenancy at will, and no estate in them can be granted, assigned or surrendered, unless by some writing signed by the grantor, or maker, or his attorney;" Sec. 15, "Deeds and contracts, executed by an authorized agent of an individual or corporation in the name of his principal, or in his own name for his principal, are to be regarded as the deeds and contracts of such principal." Section 15 was derived from the act of 1823, c. 220, which was as follows: "All deeds, bonds, contracts and agreements, purporting to be made and executed by any agent, attorney or committee, for and in behalf of any other person or corporation, shall be considered as the deed, bond, contract or agreement of the principal or constituent, and not of the agent, attorney or committee, notwithstanding the same may have been signed, sealed and acknowledged in the name of the agent, attorney or committee; provided it appear by said deed, bond, contract or

agreement, to have been the intention of the parties to bind the principal or constituent." This act was passed soon after the decision of *Stinchfield* v. *Little, supra,* and was undoubtedly intended to modify the technical rule of the common law as declared by the court in that case. The construction of sec. 15 was before this court in *Sturdivant* v. *Hull,* 59 Maine, 172 ; and Barrows, J., in delivering the opinion of the court, after stating the provision of the act of 1823, says: "We do not think that the true intent, meaning and application of these provisions, as originally enacted, have been changed in the subsequent revisions of 1857 and 1871." The two statutes should receive the same construction. The intention of the parties to bind the principal or constituent,—that the deed or contract should be his deed or contract—must appear by the deed or contract itself, and no evidence *aliunde,* except evidence of the authority of the agent or attorney, can be received to show such intent.

Applying the principles settled by the courts, and the provisions of our statute to the question under consideration, we think the true rule in this state is that where a deed is executed by an agent or attorney, with authority therefor, and it appears by the deed that it was the intention of the parties to bind the principal or constituent,—that it should be his deed and not that of the agent or attorney—it must be regarded as the deed of the principal or constituent, though signed by the agent or attorney in his own name. In determining the meaning of the parties, recourse must be had to the whole instrument—the granting part, the covenants, the attestation clause, the sealing and acknowledgement, as well as the manner of signing. If signed by the agent in his own name, it must appear by the deed that he did so for his principal. This may appear in the body of the deed as well as immediately after the signature.

Applying this rule to the deed under consideration, we have no doubt that it must be regarded as the deed of the inhabitants of Nobleboro. They "remise, release, bargain, sell and convey." In witness whereof, they, " by the hand of J. Arad Hatch of said Nobleboro, hereunto duly authorized, . . . have hereunto set their seal, and the said J. Arad Hatch has hereunder subscribed

his name." Hatch, as agent of said town, acknowledged the instrument to be the free act and deed of the inhabitants of the town. These provisions of the deed are tantamount to an assertion that he signed the deed in behalf of the town. There is nothing in the deed tending to show that he signed for himself. In witness of the grant by the inhabitants of the town, he, as their agent, affixed their seal and signed his name. It sufficiently appears by the deed that the agent executed the deed in his own name for his principals.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.