Dickman, C. J.
The record shows that on April 25, 1864, Isaac Samuels, of Boston, in the state of Massachusetts, leased to John P. Augustus, a tract of land situate in Meigs county and state of Ohio, for a term of ninety-nine years. The lease was afterwards, on May 12, 1864, assigned by the lessee to the Scipio Iron and Coal Mining Company, a corporation duly organized, its successors and assigns, for the full term of the demise. On November 8, 1864, an instrument of writing was executed in the commonwealth of Massachusetts, purporting to be an assignment of this lease by *223 the Scipio Iron and Coal Mining Company, through George F. Baker as its treasurer, to George W. Norris the plaintiff in error.
The only question presented for our consideration is, whether the court of common pleas. erred in excluding from the jury as testimony, the assignment claimed to have been made by the Scipio Iron and Coal Mining Company to George W. Norris, which was offered in evidence at the trial by the plaintiff. In other words, was the assignment in question the act of the Scipio Iron and Coal Mining Company?
It appears from a copy of the vote written under the assignment by the company, that at a directors’ meeting''1 held October 31, 1864, it was voted, that the company lease to George W. Norris their property in Ohio, for the unexpired term of their lease; and the treasurer of the company was authorized to execute any instruments which might be necessary in order to perfect the title of Norris to the same. We do not deem it necssary to consider how far the instrument executed by George F. Baker, as treasurer, though containing words of assignment, may, by virtue of its reservations, be construed as not conflicting with the authority given to lease. Suffice it that in the body.of the instrument it is not the company that is made to assign the lease, but George F. Baker with the descriptio personce of treasurer. The language of the instrument is : “I, George F. Baker, treasurer of the Scipio Iron and Coal Mining Company, * * * do hereby sell, assign, transfer, set-over and convey unto the said Norris, his heirs and assigns, the foregoing lease,’’etc. And in executing the assignment, it is “George F. Baker, *224 treasurer as aforesaid in behalf of said company,” who sets his hand and seal of the company.
By section 4111, of the Revised Statutes of Ohio, it is provided: “All deeds, mortgages, powers of attorney, and other instruments of writing for the conveyance or incumbrance of lands, tenements, or hereditaments situate within this state, executed and acknowledged, or proved, in any other state, territory, or country, in conformity with the laws of such state, territory, or country, or in conformity with the laws of this state, shall be as valid as if executed within this state, in conformity with the foregoing provisions of this chapter.”
As the record discloses no proof of the law of Massachusetts as to whether the assignment by the Scipio Iron and Coal Mining Company was executed in conformity thereto, it is to be presumed that in that regard the law of Massachusetts is the same as our own. But, in the absence of such proof, we may have recourse to the decisions of that state, in aid of determining the principles of the common law which should govern, as to the mode of executing' deeds or other instruments of conveyance through the medium of an ag'ent or attorney.
It must be conceded that in respect to the manner in which a deed must be executed by an agent, the law is extremely technical; and yet, in view of preserving the stability of judicial decisions, the rule sta/re clecisis is not to be ignored. In the early leading case of Combes’, 9 Co. 76, it is explicitly said: “When any one has authority, as attorney, to do any act, he ought to do it in his name who gives the authority; for he appoints the attorney to be in his place, and to represent his person; and therefore the attorney cannot do it in his own *225 name, nor as his proper acfc, but in the name, and as the act, of him who gives the authority. ’ ’ This doctrine has been frequently recognized as law by the English courts, and it has also received the approval of the Supreme Court of Massachusetts.
In Elwell v. Shaw, 16 Mass., 42, it was said by Wilde, J.: “It does not appear that the authority of Combed ease is at all shaken by more modern decisions. All concur in laying it down as an indispensable requisite, to give validity to a deed executed by an attorney, that it should be made in .the name of the principal.” In this case the tenant, to maintain the issue on his part, read in evidence a letter of attorney from the demandant Jonathan Elwell to one Joshua Ehoell. A deed executed by Joshua conveying the demanded prémises, proceeded thus: “Know ye that I the said Joshua by virtue of the power aforesaid, in consideration, etc., do hereby bargain, grant, sell and convey unto, etc. In testimony whereof I have hereunto set the name and seal of the said Jonathan, this,” etc.; signed Joshua Elwell, and a-seal. It was held that the letter of attorney and the deed of conveyance were insufficient in law to pass the fee from the demandant to the tenant.
In Hutchins v. Byrnes, 9 Gray, 367, it was objected that the assignment was not so executed by the treasurer as to be the act and deed of the corporation. The objection was not sustained, as the plaintiffs claimed to hold the mortgage by an assignment which purported in the body thereof to be from the corporation — the Bristol County Savings Bank. “The assignment,” say the court, “was made in the name, and as the act, of the corporation, according to the rule laid down in *226 Combes’ case, and always adhered to in England and in this commonwealth. ’ ’
And in Haven v. Adams, 4 Allen, 80, where the mode of execution by the corporation was called in question, the objection was unavailing. In the body of the mortgage it was expressed to be the deed of the corporation, to which they had caused their seal to be affixed, and the name of their president to be signed. Chapman, J., in pronouncing the opinion, said: “The question in such cases is, whether the deed purports to be the deed of the principal, or the deed of the agent executed by him in behalf of the principal. In the first case, it is held to convey their property, because it is their deed; in the latter case, it does not convey their property, because it is his deed.”
In Ohio there is no general statute prescribing the mode in which deeds of conveyance are to be executed by corporations. In Sheehan v. Davis, 17 Ohio St., 571, the deed sets forth that: “This indenture, made this second day of July, in the year 1855, between the Albany City bank of the first part, and Charles Butler, of the city of New York, of the second part, witnesseth, that the said party of the first part, for and in consideration, etc., do grant, bargain, etc., unto the said party of the second part, and to his heirs and assigns forever,” etc., concluding’: “In witness whereof, the said party of the first part have caused their corporate seal to be hereto attached, and these presents to be signed by their cashier on the day and year first above written. ’ ’ It was held that the deed of conveyance by the banking corporation was properly executed, but .this court emphasized the .fact that, “in this case the deed throughout purports to be the deed of the corporation.” The *227 deed did not, as in Elwell v. Shaw, supra, purport to be the deed of the attorney, but purported on its face to be the deed of the principal.
For collation of other authorities in line with the aforegoing views, see 1 Hare & Wal., L. C.,575; Am. & Eng. Encyc. of Law, vol. 4, pp. 238-242, and vol. 5, p. 440, and cases cited.
Subjecting the assignment claimed to have been made by the Scipio Iron and Coal Mining Company to the plaintiff in error, to the test of the cases we have cited, we do not think it can properly be held to be the act of that company, and it was therefore properly withheld by the court from the jury, when offered in evidence by the plaintiff.'
Section 4110 of the Revised Statutes of Ohio, provides that “No deed of real estate executed by any person acting for another, under a power of attorney duly executed, acknowledged, and recorded, shall be held to be invalid or defective because he is named therein, as such attorney, as the grantor, instead of his principal; nor because his name, as such attorney, is subscribed thereto, instead of the name of his principal.” But it cannot be claimed, that the assignment under consideration in the case at bar was made under a power of attorney, executed, acknowledged and recorded, as provided by the above section of the statutes.
It is suggested in argument, in behalf of the defendant in error, that the court will' notice that the transcript of the record of the directors authorizing the lease, and which was made by George F. Baker as treasurer, is also certified by George F. Baker as clerk, thus showing the fraudulent character of the whole transaction. But the record does not profess to contain all the evidence intro *228 ducecl at the trial, and does not present to our consideration a question of fraud. The .judgment of the circuit court should, in our opinion, be affirmed.

Judgment accordingly..